UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN NELSON and MARGO NELSON, individually and on behalf of their marital community,<br><br>    Plaintiffs,<br><br>  v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a foreign limited liability company,<br><br>    Defendant. | Case No. 3:20-cv-5461<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1441** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Defendant Specialized Loan Servicing, LLC ("SLS") hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1331 and 1441, and removes to the United States District Court for the Western District of Washington the cause of action currently pending in the Superior Court of the State of Washington in and for the County of Clark, styled *Jonathan Nelson and Margo Nelson vs. Specialized Loan Servicing, LLC*, Case No. 20-2-01050-06, on the following grounds:

This Notice of Removal is founded and based upon a federal question pursuant to 28 U.S.C. §§ 1331 and 1441. Plaintiffs Melanie Jonathan Nelson and Margo Nelson ("Plaintiffs"), originally filed this civil action on or about May 11, 2020, in the Superior Court of the State of Washington, in and for the County of Clark. Plaintiffs are seeking monetary damages from the

NOTICE OF REMOVAL: CASE NO. 3:20-CV-5461 - PAGE 1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

Defendant.  As required by 28 U.S.C. § 1446(a), a copy of the process, pleadings, orders and other documents presently served upon SLS are attached to this Notice as **Exhibit 1**.

**A.    CONSENT TO REMOVAL**

1.    SLS is the only Defendant and brings this Notice of Removal.

**B.    TIMELINESS OF REMOVAL**

2.    Defendant was served on April 17, 2020.  Accordingly, this Notice of Removal is timely filed within thirty (30) days of the date of service pursuant to 28 U.S.C. § 1446(b).

**C.    THE VENUE REQUIREMENT IS MET**

3.    Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action is pending.

**D.    FEDERAL QUESTION AT ISSUE**

4.    Plaintiffs allege purported claims under the Fair Debt Collection Practices Act. *See* Compl. ¶¶ 4.1 through 4.15. Although Plaintiffs have also asserted purported claims alleging violation of the Washington Consumer Protection Act, Washington's Collection Agency Act and negligence, *see id*. at ¶¶ 5.1-8.4, pursuant to 28 U.S.C. § 1441(c)(1), the entire action may be removed as the action would be removable without the inclusion of the other claims. Further, pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over Plaintiffs' additional claims as they derive from a "common nucleus of operative fact." *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966).

5.    Plaintiffs' Complaint is removable to the United States District Court for the Western District of Washington because the Complaint presents a federal question.  Specifically, 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.  Plaintiffs' claims provide the basis for this Court's jurisdiction as they have brought suit

NOTICE OF REMOVAL: CASE NO. 3:20-CV-5461 - PAGE 2

1  under the laws of the United States.  Accordingly, SLS is entitled to remove this action in

2  accordance with 28 U.S.C. § 1441(a).

3  **E.**     **NOTICE TO PARTIES AND TO THE CIRCUIT COURT**

4           6.      Written notice of the filing of this Notice of Removal is being served on

5  Plaintiffs, and a copy of this Notice of Removal is being filed with the Clerk of Court for the

6  Superior Court of Washington in and for the County of Clark, in compliance with 28 U.S.C.

7  1446(d).

8           WHEREFORE, SLS respectfully requests that the above-styled action now pending

9  against it in the Superior Court of Washington in and for the County of Clark be removed to this

10  Court.

11          DATED:  May 15, 2020.

12                                                      HOLLAND & KNIGHT LLP

13                                              By: *s/ Garrett S. Garfield*
                                                    Garrett S. Garfield, WSBA No. 48375
14                                                  E-mail: Garrett.Garfield@hklaw.com
                                                    601 SW Second Avenue, Suite 1800
15                                                  Portland, OR  97204
                                                    Telephone:  503.243.2300
16                                                  Fax:  503.241.8014

17                                              *Attorney for Defendant Specialized Loan Servicing,*
                                                *LLC*
18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL: CASE NO. 3:20-CV-5461 - PAGE 3

1
2
3
4
5
6
7
8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF CLARK

9
10
11
12
13
14
15
16

| | |
|---|---|
| JONATHAN NELSON and MARGO NELSON, individually and on behalf of their marital community,<br><br>                        PLAINTIFF,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a foreign limited liability company,<br><br>                        DEFENDANT. | **Case No.:**<br><br>**SUMMONS (20 Days)** |

17
18
19
20

    TO THE DEFENDANT: A lawsuit has been started against you in the above-entitled court by Plaintiff Jonathan Nelson and Margo Nelson. Plaintiffs' claim is stated in the written complaint, a copy of which is served upon you with this summons.

21
22
23
24
25
26
27
28

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 1 of 16

1    You may demand that the plaintiff file this lawsuit with the court. If you do so, the

2  demand must be in writing and must be served upon the person signing this summons. Within

3  14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the

4

5  service on you of this summons and complaint will be void.

6    If you wish to seek the advice of an attorney in this matter, you should do so promptly

7  so that your written response, if any, may be served on time.

8    This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State

9  of Washington.

10    DATED this 3rd day of April, 2020.

11

12

13                            Respectfully submitted,

14                            *Attorneys for Plaintiffs*

15                            NORTHWEST CONSUMER LAW CENTER

16
                             /s/ Amanda N. Martin
17                            Amanda N. Martin, WSBA #49581
                             936 N. 34th St. Ste. 300
18                            Seattle, WA 98103
                             Ph: 206-805-1716
19                            Em: Amanda@NWCLC.org

20                            LAW OFFICE OF JOSHUA L. TURNHAM
21
                             /s/ Joshua L. Turnham
22                            Joshua L. Turnham, WSBA #49926
                             1001 4th Ave., Suite 3200
23                            Seattle, WA 98154
                             Ph: 206.395.9267
24                            Em: joshua@turnhamlaw.com
25

26

27

28

SUMMONS - 2              The Northwest                    936 N. 34th St. Ste. 300
                        Consumer Law Center                Seattle, WA 98103
                                                           Tele: 206-805-0989
                                                           Fax: 206-805-0989

Exhibit 1
Page 2 of 16

1
2
3
4
5
6
7   IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
     FOR THE COUNTY OF CLARK
8
9
10  JONATHAN NELSON and MARGO
    NELSON, individually and on behalf of their
11  marital community,
12                                    PLAINTIFF,
13  v.
14  SPECIALIZED LOAN SERVICING, LLC, a
    foreign limited liability company
15                                   DEFENDANT.
16

| Case No.: |
| COMPLAINT FOR VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT, FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S COLLECTION AGENCY ACT, AND NEGLIGENCE |

17
18      COMES NOW the Plaintiffs Jonathan Nelson and Margo Nelson (collectively "the
19  Nelsons") and bring this action against Specialized Loan Servicing, LLC ("SLS") for violation
20  of Washington's Consumer Protection Act ("WCPA"), the Fair Debt Collection Practices Act
21  ("FDCPA"), Washington's Collection Agency Act ("WCAA"), and negligence for attempting
22  to collect amounts not legally owed related to a second mortgage secured by the Nelson's
23  primary residence.
24
25                          I.      PARTIES
26      1.1     Jonathan Nelson and Margo Nelson are a married couple residing in Clark
27  County, Washington.
28

COMPLAINT - 1          The Northwest
                       Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 3 of 16

1.2     Specialized Loan Servicing, LLC alleges that the Nelsons owe a consumer debt, specifically, a mortgage loan that was in default when servicing was transferred to SLS.

1.3     The Nelsons are therefore "consumer(s)" as defined by the FDCPA, "person(s)" as defined by the WCPA, and "debtor(s)" as defined by the WCAA, and the Nelsons acted as "consumer(s)," "person(s)," and "debtor(s)" at all times relevant to this litigation.

1.4     Specialized Loan Servicing, LLC is a Delaware limited liability company which regularly attempts to collect third party debts and claims and uses instrumentalities of interstate commerce or the mails in business the principal purpose of which is the collection of debts. SLS operates in Washington State and holds a Washington State Collection Agency License.

1.5     SLS is a "collection agency" and a "licensee" as defined by the WCAA, a "person" as defined by the WCPA, and a "debt collector" as defined by the FDCPA, and SLS acted as such at all times relevant to this Complaint.

## II.     VENUE AND JURISDICTION

2.1     Jurisdiction and venue in Clark County Superior Court are appropriate where the acts at issue and described herein or some part thereof occurred in Clark County, Washington, and where the injury to the Plaintiffs or some part thereof occurred in Clark County, Washington, and Defendant has engaged in substantial business contacts in Clark County, Washington, and Defendant has already submitted to this jurisdiction by attempting to collect a debt/claim in this jurisdiction, and where the Plaintiffs pray for injunctive relief. RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185; and 7.40.010.

//

//

//

COMPLAINT - 2

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 4 of 16

### III.   STATEMENT OF FACTS

3.1     In October 2006, the Nelsons purchased the real property located at 19701 SE 38th Way, Camas, Washington, Parcel Number 125853024 ("Primary Residence") to live in and raise their three children.

3.2     On October 10, 2006, the Nelsons executed a Promissory Note and Deed of Trust with Countywide Bank NA in the amount of $311,200 as a first mortgage. Servicing of the first mortgage eventually transferred to Bank of America. The Nelsons refinanced their first mortgage in early 2011 to obtain a more affordable payment and lower interest rate during the economic recession.

3.3     On October 10, 2006, the Nelsons executed a Promissory Note and Deed of Trust with Countywide Bank NA in the amount of $77,800 as a second mortgage. Servicing of the second mortgage eventually transferred to Bank of America.

3.4     The Nelsons made many of the payments on the second mortgage between 2006 and August 2011. However, the Nelsons began to struggle to make their payments on the second mortgage due to the rising interest on the first mortgage, combined with a decrease in Mr. Nelson's income due to the economic recession

3.5     Between 2010 and 2011, Mr. Nelson contacted Bank of America several times attempting to get a loan modification or refinance of his second mortgage. The Nelsons' home was well underwater with the first mortgage; there was no equity to secure the second mortgage. The Nelsons had already successfully refinanced their first mortgage to obtain a more affordable payment. However, despite repeatedly applying for assistance under the now defunct Making Home Affordable Program on the second mortgage, the Nelsons never received any response to

COMPLAINT - 3

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 5 of 16

their requests for assistance. Mr. Nelson was incorrectly told by Bank of America that he had to default on his mortgage to obtain a loan modification.

3.6     After Bank of America refused to acknowledge, let alone review, their loss mitigation applications, the Nelsons eventually were unable to afford their payments and they defaulted on the second mortgage. The Nelsons have made no payments on the second mortgage between September 1, 2011 and the date of this Complaint.

3.7     According to an Assignment of Deed of Trust recorded with Clark County on January 24, 2012, the second mortgage was later assigned to The Bank of New York Mellon FKA The Bank of New York, As Trustee For The Certificate Holders of CWHEQ, Inc. Home Equity Loan Asset Backed Certificates, Series 2006-S10.

3.8     The Nelsons eventually received a letter from Bank of America telling them that the loan was being assigned to a company called Real Time Resolutions. Unsure about what to do next, Mr. Nelson sought legal advice. He was advised that Real Time Resolutions may not have the right to collect on this debt, and many mortgage loans were extinguished due to a Countrywide/Department of Justice Settlement. He was advised to seek validation of the debt from any company attempting to collect on the second mortgage.

3.9     In March 2015, Mr. Nelson received a letter from SLS stating that they had been assigned the loan. Between March 2015 and the date of this Complaint, Mr. Nelson received periodic monthly statements from SLS.

3.10     On or around April 16, 2019, the Nelsons received a letter from SLS titled "Default Notice and Notice of Intent to Foreclosure" demanding payment of $54,058.28—the sum of the "number of delinquent payments: 92 since 08/01/11." The letter also stated that the amount required to cure the arrearage was $54,058.28.

COMPLAINT - 4

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 6 of 16

3.11   On or around April 18, 2019, the Nelsons received a Mortgage Statement from SLS stating that $54,645.87 was due by May 1, 2019. The statement told the Nelsons that "You are currently due for the 09/01/11 payment."

3.12   On or around May 20, 2019, the Nelsons received a Mortgage Statement from SLS stating that $55,348.46 was due by June 1, 2019. The statement told the Nelsons that "You are currently due for the 09/01/11 payment."

3.13   On or around July 9, 2019, the Nelsons received a Notice of Pre-Foreclosure Options from SLS.

3.14   On or around August 1, 2019, the Nelsons sent a Request for Information to SLS.

3.15   On or around August 19, 2019, the Nelsons received a Mortgage Statement from SLS stating that $57,111.23 was due by September 1, 2019. The statement told the Nelsons that "You are currently due for the 09/01/11 payment."

3.16   On or around August 26, 2019, the Nelsons received a letter from SLS with a reinstatement quote. SLS states that "Payments Due Through 9/1/2019" as $64,029.19 as the amount needed to reinstate their loan.

3.17   On or around September 11, 2019, the Nelsons received a response to their Request for Information from SLS. The response letter stated that "servicing of this mortgage loan account was transferred to SLS on March 2, 2015. At that time, the account was due for the September 1, 2011 contractual monthly payment." The letter also stated "Your account is currently due for September 1, 2011 in the amount of $587.59 and due for every payment that has become due thereafter." SLS also stated that "the amount needed to reinstate the account is $64,144.19."

COMPLAINT - 5

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 7 of 16

3.18    On or around September 18, 2019, the Nelsons received a Mortgage Statement from SLS stating that $65,158.02 was due by October 1, 2019. The statement told the Nelsons that "You are currently due for the 09/01/11 payment."

3.19    The Nelson continued to receive monthly statements from SLS in November 2019, December 2019, January 2020, February 2020, and March 2020 that seek to collect the full amount of installment payments that became due from the 09/01/11 payment.

3.20    "An action upon a contract in writing" "shall be commenced within six years." RCW 4.16.040(1). The statute begins to run on a written contract when the amount becomes due. *Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777, 239 P.3d 1109, 1113 (Div. 2, 2010). When an installment promissory note is involved, the statute of limitations runs against each installment from the time each one becomes due. *Edmundson v. Bank of Am., NA*, 194 Wn. App. 920, 927, 378 P.3d 272 (2016).

3.21    Here, SLS attempts to collect on an installment agreement. SLS claims that the Nelsons failed to make a payment due September 1, 2011. The statute of limitations on the payment due September 1, 2011 ran six years from the date the payment was due: September 1, 2017. Yet, SLS repeatedly attempted to collect this payment in each and every piece of correspondence sent to the Nelsons.

3.22    Any payments due between September 1, 2011 and April 1, 2014 are beyond the statute of limitations and hence not collectible. Yet, SLS attempted to collect these payments from the Nelsons in each and every piece of correspondence sent to the Nelsons.

3.23    SLS is attempting to collect over $25,000 in payments due between September 1, 2011 and April 1, 2014 not legally owed by the Nelsons as collection of such payments are barred by the statute of limitations. Such a large claim negatively affects the Nelsons' ability to

COMPLAINT - 6

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 8 of 16

repay the loan. It also negatively affects the Nelsons' ability to explore loss mitigation options such as a loan modification, refinance, or settlement. It further impairs the equity of the Nelsons' home when SLS improperly claims that the loan balance is over $25,000 than the amount legally owed.

3.24    SLS's attempts to collect amounts not legally owed have caused damages to the Nelsons, including costs of investigating the validity of the debt, and emotional distress, including stress and anxiety.

## IV.    FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

4.1    The allegations contained in all of the preceding paragraphs are realleged and incorporated herein by reference.

4.2    Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 1988).

4.3    SLS is a "debt collector" as defined by the FDCPA as SLS began servicing the debt when it was in default.

4.4    The FDCPA broadly prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

4.5    The FDCPA also broadly prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt…" 15 U.S.C. §§ 1692e, 1692e(10).

COMPLAINT - 7

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 9 of 16

4.6     A false representation about the character, amount, or legal status of the alleged debt violates the FDCPA. 15 U.S.C. § 1692e(2).

4.7     "The threat to take any action that cannot legally be taken or that is not intended to be taken" violates 15 U.S.C. § 1692e(5).

4.8     15 U.S.C. § 1692e(5) is violated by taking an illegal action, as well as by threatening it. *See Sprinkle v. SB&C*, 472 F. Supp. 1235, 1247 (W.D. Wash. 2006) (to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so.").

4.9     The FDCPA also prohibits unfair and unconscionable means to collect or attempt to collect an alleged debt. 15 U.S.C. § 1692f.

4.10    Attempting to collect an amount not permitted by law also violates the FDCPA. 15 U.S.C. § 1692f(2).

4.11    The foregoing acts of SLS—demanding payment which includes amounts beyond the statute of limitations—constitute multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

4.12    The Nelsons were injured by SLS's actions including, but not limited to, the costs to investigate the validity of the debt and emotional distress from being the unfortunate target of SLS's unfair and deceptive business practices.

4.13    SLS's actions are a direct and proximate cause of the Nelsons' injuries.

4.14    SLS's actions were intentional, unfair, unconscionable, and outrageous.

4.15    As a result of each and every one of SLS's violations of the FDCPA, the Nelsons are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

COMPLAINT - 8

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 10 of 16

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from SLS.

### V.   SECOND CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### AS PER SE VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT

5.1    The allegations contained in all of the preceding paragraphs are realleged and incorporated herein by reference.

5.2    Violations of the Fair Debt Collection Practices Act are per se violations of Washington's Consumer Protection Act. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 204 P.3d 885 (2009).

5.3    The foregoing acts of SLS—demanding payment which includes amounts beyond the statute of limitations—constitute multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above in Paragraph 4 of this Complaint.

5.4    The Nelsons were injured in their property by SLS's unfair and deceptive conduct.

5.5    SLS's actions are a direct and proximate cause of the Nelson's injuries.

### VI.   THIRD CAUSE OF ACTION
### VIOLATION OF WASHINGTON'S COLLECTION AGENCY ACT
### AS PER SE VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT)

6.1    The allegations contained in all of the preceding paragraphs are realleged and incorporated herein by reference.

6.2    The WCAA states that it is an unfair practice for a licensee to: "Threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made." RCW 19.16.250(16).

COMPLAINT - 9

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 11 of 16

6.3     The WCAA also states that it is an unfair practice for a licensee to: "collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs." RCW 19.16.250(21).

6.4     The foregoing acts of SLS—demanding payment in amounts beyond the statute of limitations—constitute multiple violations of the WCAA including, but not limited to, each and every one of the above-cited provisions of the WCAA, RCW 19.16.250 et seq.

6.5     Washington's Consumer Protection Act (WCPA) states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

6.6     The WCAA states that violations of RCW 19.16.250 are per se violations of the WCPA. RCW 19.16.440.

6.7     SLS's violations of RCW 19.16.250 are per se violations of the WCPA entitling the Nelsons to damages, treble damages, and their attorneys fees and costs.

6.8     When a licensee violates RCW 19.16.250, the licensee—nor any future assignee—will never "be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim." RCW 19.16.450.

6.9     The Nelsons have been injured by SLS's actions resulting in actual damages in an amount to be proven at trial including costs to investigate the validity of SLS's claim.

//
//
//

COMPLAINT - 10

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 12 of 16

## VII.    FOURTH CAUSE OF ACTION
### VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT

7.1     The allegations contained in all of the preceding paragraphs are realleged and incorporated herein by reference.

7.2     The WCPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

7.3     The WCPA applies to the actions at issue herein because the collection actions taken by SLS are unfair and deceptive.

7.4     Additionally, where SLS's collection attempts are unfair and deceptive acts or practices in violation of the FDCPA and the WCAA, SLS's acts are also unfair and deceptive under this state's Consumer Protection Act.

7.5     SLS's conduct occurred in the course of trade and commerce.

7.6     As a licensed debt collector, SLS's unfair and deceptive acts and practices affect public interest as these actions are capable of repetition and affecting other consumers and homeowners in this state. SLS's actions have the capacity to deceive a substantial portion of the public.

7.7     The Nelsons were injured in their property by SLS's unfair and deceptive conduct.

7.8     SLS's actions are a direct and proximate cause of the Nelson's injuries.

### VIII.   FIFTH CAUSE OF ACTION
### NEGLIGENCE

8.1     SLS owes the Nelsons a duty to use reasonable care both as a debt collector and in servicing a mortgage secured by the Nelsons' real property.

COMPLAINT - 11

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 13 of 16

8.2    SLS breached this duty when it attempted to collect amounts not legally owed by the Nelsons as detailed above.

8.3    SLS's breach of duty caused damages to the Nelsons, including impairing the value of their primary residence, costs of investigating the validity of the debt, and emotional distress.

8.4    SLS should have known that its attempts to collect amounts not legally owed would have resulted in damage to the Nelsons.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, the Nelsons pray for the following relief:

1.    Declaratory judgment that all installment payments due prior to April 1, 2014 are beyond the statute of limitations and not legally owing;

2.    Actual damages in an amount to be proven at trial;

3.    Statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.    Treble damages pursuant to RCW 19.86.090;

5.    For costs and disbursements herein, including reasonable attorney fees pursuant to RCW 19.86.090, RCW 4.84.330, and 15 U.S.C. § 1692k;

6.    For appropriate injunctive relief; and

7.    For such other relief as the Court deems just and equitable.

DATED this 3rd day of April, 2020.

Respectfully submitted,

*Attorneys for Plaintiffs*

NORTHWEST CONSUMER LAW CENTER

COMPLAINT - 12

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 14 of 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Amanda N. Martin
Amanda N. Martin, WSBA #49581
936 N. 34th St. Ste. 300
Seattle, WA 98103
Ph: 206-805-1716
Em: Amanda@NWCLC.org

LAW OFFICE OF JOSHUA L. TURNHAM

/s/ Joshua L. Turnham
Joshua L. Turnham, WSBA #49926
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.395.9267
Em: joshua@turnhamlaw.com

COMPLAINT - 13

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Exhibit 1
Page 15 of 16

APR 1 7 2020

Exhibit 1
Page 16 of 16

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing NOTICE OF REMOVAL to be served on the following person[s]:

Amanda N. Martin                          Joshua L. Turnham
Northwest Consumer Law Center             Turnham Law
936 N 34th St, Ste 300                    1001 4th Ave, Ste 3200
Seattle, WA 98103-8869                    Seattle, WA 98154-1003
Email: Amanda@nwclc.org                   Email: joshua@turnhamlaw.com

by causing the document to be delivered by the following indicated method or methods:

☑       by electronic mail to the addresses listed above on the date set forth below.

☑       by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐       by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐       by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐       by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED:  May 15, 2020.


_s/ Garrett S. Garfield_____
Garrett S. Garfield


CERTIFICATE OF SERVICE – 1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

#74831874_v1