IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF CLARK

| | |
|---|---|
| JONATHAN NELSON and MARGO NELSON, individually and on behalf of their marital community,<br><br>PLAINTIFF,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a foreign limited liability company<br><br>DEFENDANT. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT, FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S COLLECTION AGENCY ACT, AND NEGLIGENCE** |

COMES NOW the Plaintiffs Jonathan Nelson and Margo Nelson (collectively "the Nelsons") and bring this action against Specialized Loan Servicing, LLC ("SLS") for violation of Washington's Consumer Protection Act ("WCPA"), the Fair Debt Collection Practices Act ("FDCPA"), Washington's Collection Agency Act ("WCAA"), and negligence for attempting to collect amounts not legally owed related to a second mortgage secured by the Nelson's primary residence.

## I.  PARTIES

1.1   Jonathan Nelson and Margo Nelson are a married couple residing in Clark County, Washington.

COMPLAINT - 1

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

1.2  Specialized Loan Servicing, LLC alleges that the Nelsons owe a consumer debt, specifically, a mortgage loan that was in default when servicing was transferred to SLS.

1.3  The Nelsons are therefore "consumer(s)" as defined by the FDCPA, "person(s)" as defined by the WCPA, and "debtor(s)" as defined by the WCAA, and the Nelsons acted as "consumer(s)," "person(s)," and "debtor(s)" at all times relevant to this litigation.

1.4  Specialized Loan Servicing, LLC is a Delaware limited liability company which regularly attempts to collect third party debts and claims and uses instrumentalities of interstate commerce or the mails in business the principal purpose of which is the collection of debts. SLS operates in Washington State and holds a Washington State Collection Agency License.

1.5  SLS is a "collection agency" and a "licensee" as defined by the WCAA, a "person" as defined by the WCPA, and a "debt collector" as defined by the FDCPA, and SLS acted as such at all times relevant to this Complaint.

## II.  VENUE AND JURISDICTION

2.1  Jurisdiction and venue in Clark County Superior Court are appropriate where the acts at issue and described herein or some part thereof occurred in Clark County, Washington, and where the injury to the Plaintiffs or some part thereof occurred in Clark County, Washington, and Defendant has engaged in substantial business contacts in Clark County, Washington, and Defendant has already submitted to this jurisdiction by attempting to collect a debt/claim in this jurisdiction, and where the Plaintiffs pray for injunctive relief. RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185; and 7.40.010.

//

//

//

The Northwest Consumer Law Center
936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

## III. STATEMENT OF FACTS

3.1 In October 2006, the Nelsons purchased the real property located at 19701 SE 38th Way, Camas, Washington, Parcel Number 125853024 ("Primary Residence") to live in and raise their three children.

3.2 On October 10, 2006, the Nelsons executed a Promissory Note and Deed of Trust with Countywide Bank NA in the amount of $311,200 as a first mortgage. Servicing of the first mortgage eventually transferred to Bank of America. The Nelsons refinanced their first mortgage in early 2011 to obtain a more affordable payment and lower interest rate during the economic recession.

3.3 On October 10, 2006, the Nelsons executed a Promissory Note and Deed of Trust with Countywide Bank NA in the amount of $77,800 as a second mortgage. Servicing of the second mortgage eventually transferred to Bank of America.

3.4 The Nelsons made many of the payments on the second mortgage between 2006 and August 2011. However, the Nelsons began to struggle to make their payments on the second mortgage due to the rising interest on the first mortgage, combined with a decrease in Mr. Nelson's income due to the economic recession

3.5 Between 2010 and 2011, Mr. Nelson contacted Bank of America several times attempting to get a loan modification or refinance of his second mortgage. The Nelsons' home was well underwater with the first mortgage; there was no equity to secure the second mortgage. The Nelsons had already successfully refinanced their first mortgage to obtain a more affordable payment. However, despite repeatedly applying for assistance under the now defunct Making Home Affordable Program on the second mortgage, the Nelsons never received any response to

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

their requests for assistance. Mr. Nelson was incorrectly told by Bank of America that he had to default on his mortgage to obtain a loan modification.

3.6     After Bank of America refused to acknowledge, let alone review, their loss mitigation applications, the Nelsons eventually were unable to afford their payments and they defaulted on the second mortgage. The Nelsons have made no payments on the second mortgage between September 1, 2011 and the date of this Complaint.

3.7     According to an Assignment of Deed of Trust recorded with Clark County on January 24, 2012, the second mortgage was later assigned to The Bank of New York Mellon FKA The Bank of New York, As Trustee For The Certificate Holders of CWHEQ, Inc. Home Equity Loan Asset Backed Certificates, Series 2006-S10.

3.8     The Nelsons eventually received a letter from Bank of America telling them that the loan was being assigned to a company called Real Time Resolutions. Unsure about what to do next, Mr. Nelson sought legal advice. He was advised that Real Time Resolutions may not have the right to collect on this debt, and many mortgage loans were extinguished due to a Countrywide/Department of Justice Settlement. He was advised to seek validation of the debt from any company attempting to collect on the second mortgage.

3.9     In March 2015, Mr. Nelson received a letter from SLS stating that they had been assigned the loan. Between March 2015 and the date of this Complaint, Mr. Nelson received periodic monthly statements from SLS.

3.10    On or around April 16, 2019, the Nelsons received a letter from SLS titled "Default Notice and Notice of Intent to Foreclosure" demanding payment of $54,058.28—the sum of the "number of delinquent payments: 92 since 08/01/11." The letter also stated that the amount required to cure the arrearage was $54,058.28.

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

3.11 On or around April 18, 2019, the Nelsons received a Mortgage Statement from SLS stating that $54,645.87 was due by May 1, 2019. The statement told the Nelsons that "You are currently due for the 09/01/11 payment."

3.12 On or around May 20, 2019, the Nelsons received a Mortgage Statement from SLS stating that $55,348.46 was due by June 1, 2019. The statement told the Nelsons that "You are currently due for the 09/01/11 payment."

3.13 On or around July 9, 2019, the Nelsons received a Notice of Pre-Foreclosure Options from SLS.

3.14 On or around August 1, 2019, the Nelsons sent a Request for Information to SLS.

3.15 On or around August 19, 2019, the Nelsons received a Mortgage Statement from SLS stating that $57,111.23 was due by September 1, 2019. The statement told the Nelsons that "You are currently due for the 09/01/11 payment."

3.16 On or around August 26, 2019, the Nelsons received a letter from SLS with a reinstatement quote. SLS states that "Payments Due Through 9/1/2019" as $64,029.19 as the amount needed to reinstate their loan.

3.17 On or around September 11, 2019, the Nelsons received a response to their Request for Information from SLS. The response letter stated that "servicing of this mortgage loan account was transferred to SLS on March 2, 2015. At that time, the account was due for the September 1, 2011 contractual monthly payment." The letter also stated "Your account is currently due for September 1, 2011 in the amount of $587.59 and due for every payment that has become due thereafter." SLS also stated that "the amount needed to reinstate the account is $64,144.19."

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

3.18    On or around September 18, 2019, the Nelsons received a Mortgage Statement from SLS stating that $65,158.02 was due by October 1, 2019. The statement told the Nelsons that "You are currently due for the 09/01/11 payment."

3.19    The Nelson continued to receive monthly statements from SLS in November 2019, December 2019, January 2020, February 2020, and March 2020 that seek to collect the full amount of installment payments that became due from the 09/01/11 payment.

3.20    "An action upon a contract in writing" "shall be commenced within six years." RCW 4.16.040(1). The statute begins to run on a written contract when the amount becomes due. *Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777, 239 P.3d 1109, 1113 (Div. 2, 2010). When an installment promissory note is involved, the statute of limitations runs against each installment from the time each one becomes due. *Edmundson v. Bank of Am., NA*, 194 Wn. App. 920, 927, 378 P.3d 272 (2016).

3.21    Here, SLS attempts to collect on an installment agreement. SLS claims that the Nelsons failed to make a payment due September 1, 2011. The statute of limitations on the payment due September 1, 2011 ran six years from the date the payment was due: September 1, 2017. Yet, SLS repeatedly attempted to collect this payment in each and every piece of correspondence sent to the Nelsons.

3.22    Any payments due between September 1, 2011 and April 1, 2014 are beyond the statute of limitations and hence not collectible. Yet, SLS attempted to collect these payments from the Nelsons in each and every piece of correspondence sent to the Nelsons.

3.23    SLS is attempting to collect over $25,000 in payments due between September 1, 2011 and April 1, 2014 not legally owed by the Nelsons as collection of such payments are barred by the statute of limitations. Such a large claim negatively affects the Nelsons' ability to

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

repay the loan. It also negatively affects the Nelsons' ability to explore loss mitigation options such as a loan modification, refinance, or settlement. It further impairs the equity of the Nelsons' home when SLS improperly claims that the loan balance is over $25,000 than the amount legally owed.

3.24 SLS's attempts to collect amounts not legally owed have caused damages to the Nelsons, including costs of investigating the validity of the debt, and emotional distress, including stress and anxiety.

## IV. FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

4.1 The allegations contained in all of the preceding paragraphs are realleged and incorporated herein by reference.

4.2 Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 1988).

4.3 SLS is a "debt collector" as defined by the FDCPA as SLS began servicing the debt when it was in default.

4.4 The FDCPA broadly prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

4.5 The FDCPA also broadly prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt..." 15 U.S.C. §§ 1692e, 1692e(10).

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

4.6 A false representation about the character, amount, or legal status of the alleged debt violates the FDCPA. 15 U.S.C. § 1692e(2).

4.7 "The threat to take any action that cannot legally be taken or that is not intended to be taken" violates 15 U.S.C. § 1692e(5).

4.8 15 U.S.C. § 1692e(5) is violated by taking an illegal action, as well as by threatening it. *See Sprinkle v. SB&C*, 472 F. Supp. 1235, 1247 (W.D. Wash. 2006) (to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so.").

4.9 The FDCPA also prohibits unfair and unconscionable means to collect or attempt to collect an alleged debt. 15 U.S.C. § 1692f.

4.10 Attempting to collect an amount not permitted by law also violates the FDCPA. 15 U.S.C. § 1692f(2).

4.11 The foregoing acts of SLS—demanding payment which includes amounts beyond the statute of limitations—constitute multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

4.12 The Nelsons were injured by SLS's actions including, but not limited to, the costs to investigate the validity of the debt and emotional distress from being the unfortunate target of SLS's unfair and deceptive business practices.

4.13 SLS's actions are a direct and proximate cause of the Nelsons' injuries.

4.14 SLS's actions were intentional, unfair, unconscionable, and outrageous.

4.15 As a result of each and every one of SLS's violations of the FDCPA, the Nelsons are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

The Northwest Consumer Law Center
936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from SLS.

## V. SECOND CAUSE OF ACTION
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## AS PER SE VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT

5.1 The allegations contained in all of the preceding paragraphs are realleged and incorporated herein by reference.

5.2 Violations of the Fair Debt Collection Practices Act are per se violations of Washington's Consumer Protection Act. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 204 P.3d 885 (2009).

5.3 The foregoing acts of SLS—demanding payment which includes amounts beyond the statute of limitations—constitute multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above in Paragraph 4 of this Complaint.

5.4 The Nelsons were injured in their property by SLS's unfair and deceptive conduct.

5.5 SLS's actions are a direct and proximate cause of the Nelson's injuries.

## VI. THIRD CAUSE OF ACTION
## VIOLATION OF WASHINGTON'S COLLECTION AGENCY ACT
## AS PER SE VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT)

6.1 The allegations contained in all of the preceding paragraphs are realleged and incorporated herein by reference.

6.2 The WCAA states that it is an unfair practice for a licensee to: "Threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made." RCW 19.16.250(16).

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

6.3  The WCAA also states that it is an unfair practice for a licensee to: "collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs." RCW 19.16.250(21).

6.4  The foregoing acts of SLS—demanding payment in amounts beyond the statute of limitations—constitute multiple violations of the WCAA including, but not limited to, each and every one of the above-cited provisions of the WCAA, RCW 19.16.250 et seq.

6.5  Washington's Consumer Protection Act (WCPA) states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

6.6  The WCAA states that violations of RCW 19.16.250 are per se violations of the WCPA. RCW 19.16.440.

6.7  SLS's violations of RCW 19.16.250 are per se violations of the WCPA entitling the Nelsons to damages, treble damages, and their attorneys fees and costs.

6.8  When a licensee violates RCW 19.16.250, the licensee—nor any future assignee—will never "be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim." RCW 19.16.450.

6.9  The Nelsons have been injured by SLS's actions resulting in actual damages in an amount to be proven at trial including costs to investigate the validity of SLS's claim.

//

//

//

The Northwest Consumer Law Center
936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

## VII. FOURTH CAUSE OF ACTION
## VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT

7.1 The allegations contained in all of the preceding paragraphs are realleged and incorporated herein by reference.

7.2 The WCPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

7.3 The WCPA applies to the actions at issue herein because the collection actions taken by SLS are unfair and deceptive.

7.4 Additionally, where SLS's collection attempts are unfair and deceptive acts or practices in violation of the FDCPA and the WCAA, SLS's acts are also unfair and deceptive under this state's Consumer Protection Act.

7.5 SLS's conduct occurred in the course of trade and commerce.

7.6 As a licensed debt collector, SLS's unfair and deceptive acts and practices affect public interest as these actions are capable of repetition and affecting other consumers and homeowners in this state. SLS's actions have the capacity to deceive a substantial portion of the public.

7.7 The Nelsons were injured in their property by SLS's unfair and deceptive conduct.

7.8 SLS's actions are a direct and proximate cause of the Nelson's injuries.

## VIII. FIFTH CAUSE OF ACTION
## NEGLIGENCE

8.1 SLS owes the Nelsons a duty to use reasonable care both as a debt collector and in servicing a mortgage secured by the Nelsons' real property.

COMPLAINT - 11

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

8.2     SLS breached this duty when it attempted to collect amounts not legally owed by the Nelsons as detailed above.

8.3     SLS's breach of duty caused damages to the Nelsons, including impairing the value of their primary residence, costs of investigating the validity of the debt, and emotional distress.

8.4     SLS should have known that its attempts to collect amounts not legally owed would have resulted in damage to the Nelsons.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, the Nelsons pray for the following relief:

1.      Declaratory judgment that all installment payments due prior to April 1, 2014 are beyond the statute of limitations and not legally owing;

2.      Actual damages in an amount to be proven at trial;

3.      Statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.      Treble damages pursuant to RCW 19.86.090;

5.      For costs and disbursements herein, including reasonable attorney fees pursuant to RCW 19.86.090, RCW 4.84.330, and 15 U.S.C. § 1692k;

6.      For appropriate injunctive relief; and

7.      For such other relief as the Court deems just and equitable.

DATED this 3rd day of April, 2020.

Respectfully submitted,

*Attorneys for Plaintiffs*

NORTHWEST CONSUMER LAW CENTER

COMPLAINT - 12

/s/ Amanda N. Martin
Amanda N. Martin, WSBA #49581
936 N. 34th St. Ste. 300
Seattle, WA 98103
Ph: 206-805-1716
Em: Amanda@NWCLC.org

LAW OFFICE OF JOSHUA L. TURNHAM

/s/ Joshua L. Turnham
Joshua L. Turnham, WSBA #49926
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.395.9267
Em: joshua@turnhamlaw.com

COMPLAINT - 13

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

APR 1 7 2020