Honorable Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN NELSON and MARGO NELSON, individually and on behalf of their marital community,<br><br>PLAINTIFFS,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a foreign limited liability company,<br><br>DEFENDANT. | No. 3:20-cv-05461-RBL<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**<br><br>**NOTED ON MOTION CALENDAR: June 19, 2020**<br><br>**ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION

Plaintiff Jonathan and Margo Nelson's ("Plaintiffs" or "the Nelsons") Complaint states plausible claims upon which relief should be granted and, as such, Defendant Specialized Loan Servicing, LLC ("Defendant" or "SLS")'s Motion to Dismiss ("Motion") should be denied. Plaintiffs allege plausible claims related to SLS's pattern of misleading and deceptive collection attempts of installment payments not legally owed from the Nelsons. Such conduct violates the Fair Debt Collection Practices Act ("FDCPA"), Washington's Collection Agency Act ("WCAA"), Washington's Consumer Protection Act ("WCPA"), and constitutes negligence.

//

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT WITH
PREJUDICE - 1



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

## II. STATEMENT OF FACTS

The material facts in this matter are not in dispute. However, Defendant's Motion fails to provide the necessary context of SLS's collection attempts for the Court to properly consider whether Plaintiffs stated plausible claims. Plaintiffs provided the following necessary context in their Complaint:

1. The Nelsons repeatedly sought solutions to become current and resume payments on their second mortgage during the Great Recession. After being denied multiple times for loss mitigation, the Nelsons were unable to afford the monthly payments on their second mortgage and had no other choice than to default on or around September 2011. Compl. ¶¶ 3.4-3.6.

2. The Nelsons have not made any payments on the second mortgage since they defaulted on or around September 2011. Compl. ¶3.6.

3. SLS was assigned servicing of the second mortgage in March 2015 while the loan was in default. Compl. ¶¶ 3.9.

4. The Nelsons received a series of correspondence from SLS, including mortgage statements, a collection letter entitled "Default Notice and Notice of Intent to Foreclose," and a letter providing a "total reinstatement" amount. Compl. ¶¶ 3.10-3.19. Each of these notices demanded payment from the Nelsons for amounts not legally owed, threatening late fees, additional interest, and ultimately, loss of the Nelsons' home to foreclosure. *Id.* The "Default Notice and Notice of Intent to Foreclose" stated that "you are required to pay to this office **all past due payments**" (emphasis added), that the Nelsons had the option to apply for loss mitigation, and that **failure to pay the full amount** (including installment payments past the statute of limitations) may result in "commencement of foreclosure," "inspections of your property," and "attorney fees and costs." (emphasis added). Exhibit C, Motion.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 2

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

5. The Nelsons received a Notice of Pre-Foreclosure Options from SLS on or around July 9, 2019—the first notice from SLS to facilitate a non-judicial foreclosure under Washington's Deed of Trust Act. Compl. ¶¶ 3.13. *See* RCW 61.24.931.

6. SLS's misleading and deceptive collection attempts affects the Nelson's ability to repay the loan, explore loss mitigation options, and impairs the equity of their home. Compl. ¶¶ 3.23.

7. SLS's misleading and deceptive collection attempts also cost the Nelsons actual damages, including costs to investigate the validity of SLS's claim, and emotional distress. Compl. ¶¶ 3.24

### III. ARGUMENT

#### A. Legal Standard

A motion to dismiss should be denied where Plaintiffs have set forth claims that "may be supported by any set of facts consistent with the allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The material facts must be considered in context of the Complaint, not considered in isolation for individual scrutiny. *Twombly*, 550 U.S. at 556.

When considering a motion to dismiss, the facts should be construed in favor of the plaintiff. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). *Twombly* and *Iqbal* require only plausibility; they do not require "probability…at the pleading stage; it simply calls for enough

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 3


The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

fact to raise a reasonable expectation that discovery will reveal evidence" to prove that claim. *Twombly*, 550 U.S. at 556.

Here, the facts set forth in the Complaint support plausible claims that SLS engaged in misleading and deceptive conduct in attempting to collect installment payments not legally owed.

**B.     Plaintiffs Stated Plausible Claims Based on SLS's Attempts to Collect Installment Payments Not Legally Owed**

Plaintiffs' claims center on how Washington State's statutes of limitations are applied to installment notes. An action based on promissory notes or deeds of trusts is restricted by the statute of limitation on written contracts. *See Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777, 239 P.3d 1109, 1113 (Div. 2 2010). "An action upon a contract in writing" "shall be commenced within six years." RCW 4.16.040(1). The statute begins to run when the amount becomes due. *See Westar Funding*, at 1113. An installment promissory note is payable in regular installments, typically on a monthly basis.

When an installment promissory note is involved, **the statute of limitations runs against each and every installment** from the time each one becomes due. *Merceri v. Bank of New York Mellon*, 4 Wn.App.2d 755, 759, 434 P.3d 84, 87 (2018) (emphasis added); *Edmundson v. Bank of Am., NA*, 194 Wn.App. 920, 927, 378 P.3d 272 (2016); *Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142 (1945). If a borrower defaults on an installment before the note has fully matured, the statute of limitations runs against the past-due installment, but not, obviously, on installments due in the future. Consequently, the date of maturation or acceleration are irrelevant to whether the statute of limitations has ran on particular installment payments.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 4

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

In *Wilmington Trust, National Association v. Heifa Voght, et. al*, the plaintiff moved for summary judgment and requested judgment against the defendants for the entire amount due, which included past-due installments that were more than than six years old. *Wilmington Trust, National Association v. Heifa Voght, et al*, No. 17-2-27809-2 (King Cnty. Super. Ct. Jan. 30, 2019) (order granting summary judgment in part). The King County Superior Court only granted in part Wilmington Trust's motion, refusing to award the entire amount requested. *Id*. The trial court ruled that Wilmington Trust was not entitled to recover any amounts due—including principal, interest, and other fees—on installments older than six years. *Id*. The court's ruling only permitted Wilmington Trust to collect amounts due less than six years old. *Id*. When the statute of limitations expires, "the right to enforce a deed of trust securing the note also expires." *Smith v. Bank of New York Mellon*, No. C19-0538-JCC (W.D. Wash. Jan. 9, 2020) (granting quiet title after the statute of limitations expires on the promissory note).

Defendant incorrectly states that *Westar* holds that the statute of limitations gives a creditor six years from the date of maturity of the note. *See* Motion, p. 5. Rather, *Westar* stands for the simple proposition that statutes of limitations apply to contracts such as deeds of trust and promissory notes. *See Westar*, 157 Wn. App. at 785. Defendant's focus on the date of maturation is misplaced because the date of maturation is not relevant to Plaintiff's claims.

Defendant attempts to distinguish *Edmunson*, but again misses the point. They correctly cite *Edmunson* for the proposition that the statute of limitations run against each installment of an installment loan, but Defendant then incorrectly focuses extensively on whether or not there is evidence of acceleration. Plaintiff has not alleged that Defendant accelerated the loan, and the issue of acceleration is entirely irrelevant to Plaintiff's actual claims.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 5

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Plaintiffs' claims are related to installments due in the past, specifically, installment payments that became due six or more years ago. Plaintiffs allege that SLS used false and misleading representations and used unfair and deceptive collection practices to seek payment of these time-barred installment payments. All of Plaintiffs' claims, therefore, must be assessed with the understanding that each and every installment has a statute of limitations and, therefore, some installments are past the statute of limitations.

C. **Plaintiffs Stated Plausible Claims that SLS's Misleading and Deceptive Attempts to Collect Installment Payments Not Legally Owed Violated the Fair Debt Collection Practices Act**

Plaintiffs stated plausible claims that SLS's misleading and deceptive attempts to collect installment payments beyond the statute of limitations violated the FDCPA. Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 1988). While not every single attempt to collect a time-barred debt constitutes a FDCPA violation (*Stimpson v. Midland Credit Mgmt.*, 944 F.3d 1190 (9th Cir. 2019)), such conduct can be false, misleading, or deceptive in violation of the FDCPA, and as such, each collection attempt must be considered in the context of the least sophisticated debtor. *Id.* at 1196 (finding the least sophisticated debtor would not be misled by a letter to collect a time-barred debt that included a disclosure that the debt was indeed time-barred). In *Stimpson*, the Ninth Circuit found that the letter stating that the debt is beyond the statute of limitations, but still seeking payment, led to the "natural conclusion…that the debt is time barred" and "[n]othing in the

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 6

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

letter falsely implies that [the debt collector] could bring a legal action…to collect the debt." *Id.* at 1197.

The opposite is true here. The combination of the mortgage statements and other correspondence sent to the Nelsons would mislead the least sophisticated debtor into believing that they must submit payment for time-barred installment payments or be subjected to late fees, additional interest, and loss of their home if they fail to submit the total sum, including time-barred installment payments.

Moreover, another case from this district found FDCPA violations stemming from collection on a time-barred mortgage. *Smith v. Bank of New York Mellon* Case No. C19-0538-JCC (W.D. Wash. Jul. 9, 2019). In *Smith*, Judge Coughenor concluded that "filing a time-barred complaint could be both a misleading representation and unfair and unconscionable means of collecting a debt…" Similar to *Smith*, the correspondence sent to the Plaintiffs, seeking payment of a time-barred debt" includes misleading representations and constitutes unfair and unconscionable means of collecting a debt.

1. <u>SLS's Mortgage Statements Are False and Misleading</u>

Plaintiffs allege that the mortgage statements include false and misleading representations about the amounts legally owed and amounts needed to avoid foreclosure. Compl. ¶3.10-3.19, 4.4-4.11. Defendant makes a barebones argument that mortgage statements which seek to collect time-barred amounts are not unlawful debt collection communications.

First, SLS does not dispute that it is considered a debt collector under the FDCPA. *Memmott v. OneWest Bank*, 2011 WL 1560985 (D. Or. Feb. 9, 2011), adopted by 2011 WL 1559298 (D. Or. Apr. 25, 2011). Second, while the Truth in Lending Act requires certain information be disclosed via mortgage statements, statements with false and misleading

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT WITH
PREJUDICE - 7

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

representations can fall within the purview of the FDCPA. *Block v. Senaca Mortg. Servicing*, 221 F. Supp. 3d 559 (D.N.J. 2016) (incorrect mortgage statements may give rise to a FDCPA claim against servicer); *Goodin v. Bank of Am.*, 114 F. Supp. 3d. 1197 (M.D. Fla. 2015) (post-bankruptcy statements misstating balance and falsely representing amount due violated the FDCPA).

The case cited by Defendant—*Green v. Specialized Loan Servicing LLC*—ultimately found that the payments sought in the mortgage statements were within the statute of limitations under Florida Law. 766 Fed. Appx. 777 (11th Cir. 2019) ('[t]he court…found that none of requested payment amount was time-barred").

Here, the mortgage statements sent by SLS to the Nelsons demand payment of an amount including time-barred installment payments and threatening fees and other collection costs—based on an amount including the time-barred payments—if the total amount is not paid. As such, Plaintiffs allege plausible claims that the mortgage statements contain false and misleading representations demanding amounts not legally owed.

### 2. The Letter Entitled "Default Notice and Intent to Foreclose" Is Not An Action Taken To Facilitate A Non-Judicial Foreclosure

Defendant attempts to characterize its collection letter dated April 16, 2019 (Exhibit C, Motion) as an action taken to facilitate a foreclosure. Despite the title of the document "Default Notice and Intent to Foreclose," it is nothing more than a mere collection letter.

The Washington Deed of Trust Act ("DTA") provides a strict structure for the notices required to be sent to a borrower to facilitate a nonjudicial foreclosure. RCW 61.24 *et. al*. The first of these notices, commonly referred to as the Notice of Pre-Foreclosure Options, requires the lender to notify the borrower of the right to meet with the lender before a notice of default is issued. RCW 61.24.931. The next notice in this process is the Notice of Default, which the DTA

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT WITH
PREJUDICE - 8


The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

requires specific language be included, including right to mediation under Washington's Foreclosure Fairness Act. RCW 61.24.030. Finally, a Notice of Trustee Sale is issued to the borrower with a foreclosure sale date. RCW 61.24.040.

The letter entitled "Default Notice and Intent to Foreclose" fails to meet the requirements of any of the documents facilitating a non-judicial foreclosure under the DTA. *See* Exhibit C, Motion. Plaintiffs recognize that "sending the notice of default and notice of sale" are not considered attempts to collect a debt under the FDCPA and instead are requisites to enforce a security interest. *Ho v. ReconTrust Co.*, 840 F.3d 618 (9th Cir. 2016). But those notices are not at issue here, as they have not even been issued to the Plaintiffs. The only action taken to facilitate the non-judicial foreclosure process was the Notice of Pre-Foreclosure Options sent on or around July 9, 2019. In short, the "Default Notice and Intent to Foreclose" is not a legally required notice under the DTA to facilitate a foreclosure. *Obduskey v. McCarthy & Holthus LLP,* 139 S. Ct. 1029, 203 L. Ed. 2d 390 (2019).

Instead, the letter is a pure collection attempt to induce the Nelsons to pay $54,058.28—a sum that includes time-barred amounts—and threats to initiate foreclosure proceedings and other related consequences if that amount is not paid. The Default Notice and Intent to Foreclose, in context with the other correspondence received by the Nelsons, is likely to deceive the least sophisticated consumer that they must pay the full amount, including time-barred installment payments, to avoid foreclosure or other legal action, or at the very least, avoid interest and fees on time-barred installment payments. As such, Plaintiffs have stated a plausible claim that the collection letter entitled "Default Notice and Intent to Foreclose" includes false and misleading statements which violate the Fair Debt Collection Practices Act.

//

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 9

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

### 3. The "Reinstatement Quote" Is A Debt Collection Attempt

Once again, Defendant seeks to mischaracterize its unlawful attempts at collection as attempts to enforce their security interest. The Nelsons received a letter from SLS dated August 26, 2019, which states "Per your request, the following amount is required to reinstate the above referenced loan." This is not an attempt by SLS to facilitate the foreclosure process or enforce their security interest. It is instead correspondence sent in response to the Nelsons' Request for Information on or around August 1, 2019. Compl. ¶3.14.

Taking the mortgage statements and other correspondence sent to the Nelsons in context, Defendant engaged in a series of communications with Plaintiffs in an attempt to induce them to pay time-barred amounts. These communications were false, misleading, and deceptive when they attempted to collect time-barred amounts and threatened additional late fees, interest, and ultimately, foreclosure of the Nelsons' home over payments not legally due.

### C. Plaintiffs Stated Plausible Claims that SLS's FDCPA Violations Constitute Per Se WCPA Violations

Violations of the FDCPA constitute per se violations of Washington's Consumer Protection Act. *Panag v. Farmers Ins. Co. of Wa.,* 166 Wn.2d 27, 52, 204 P.3d 885 (2009); *Dibb v. AllianceOne Receivables Management, Inc.,* No. 15-5835 RJB, 2015 WL 1527606, at *5 (W.D. Wash. April 2, 2015). As described above, Plaintiffs alleged plausible claims against SLS for violation of the FDCPA, and as such, they have plausible claims for *per se* violations of the WCPA.

### D. Plaintiffs Stated Plausible Claims that SLS's Misleading and Deceptive Attempts to Collect Installment Payments Not Legally Owed Violated the Washington Collection Agency Act

Defendant argues that the Complaint does not allege a valid claim under RCW 19.16.250(16) because the only threat they could make is the threat of foreclosure. Defendant

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 10

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

provides no support for this proposition, however. Even if true, Defendant is wrong when it claims that the statute of limitations has not accrued. As explained above, the statute of limitations runs against each and every installment of the loan. If Defendant foreclosed, it would not be entitled to collect any installment that is barred by the statute of limitations. Plaintiffs allege that Defendant sent them many letters demanding payment for amounts that are barred by the statute of limitations. *See* Compl. p. 4-5. This is clearly an implicit threat that if Plaintiffs do not pay the full amount demanded—including time-barred installments—Defendant will take legal action to foreclose on their home over a balance that includes time-barred payments. Furthermore, Defendant sent a collection letter with the heading "Default Notice and Notice of Intent to Foreclose," which threatens to add additional interest and fees or to foreclose on the property. *See* Motion, Ex. C. Therefore, Plaintiffs have pled a plausible claim for a violation of RCW 19.16.250(16).

Defendant asserts that it has not violated RCW 19.16.250(21) because no statute of limitations has accrued. Defendant is clearly wrong, as discussed fully above, because the statute of limitations runs against each and every installment. As discussed herein, Defendant repeatedly attempted to collect amounts which include installments older than six years and therefore barred by the statute of limitations. Thus, Plaintiffs have pled a plausible claim for a violation of RCW 19.16.250(21).

Next, Defendant falsely claims that Plaintiffs have not alleged a single injury. To the contrary, as already discussed, Plaintiffs allege that Defendant's misleading and deceptive collection attempts cost Plaintiffs actual damages, including costs to investigate the validity of Defendant's claim. Compl. ¶¶ 3.24. Defendant attempts to raise the bar on what Plaintiffs' must

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 11

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

demonstrate at this stage of litigation, but Plaintiffs have clearly pled plausible claims and injury under the WCAA.

Defendant also attempts to raise the bar by claiming that there is no connection between Plaintiffs' injury and Defendant's violations of the WCAA. Certainly, discovery will allow Plaintiffs to explore Defendant's conduct more thoroughly, but all that is required is that Plaintiffs' make a plausible claim that their injury is caused by Defendant. In this case, Plaintiffs have alleged that Defendant engaged in misleading and deceptive collection attempts and that they have been injured as a result. Thus, Plaintiffs have alleged a plausible claim that Defendant's violations of the WCAA caused their injuries.

**E. Plaintiffs Stated Plausible Claims that SLS's Misleading and Deceptive Attempts to Collect Installment Payments Not Legally Owed Violated the Washington Consumer Protection Act**

The terms "unfair" or "deceptive" are not defined in the CPA. Whether an act constitutes an unfair or deceptive act or practice prohibited by the CPA is a question of law. *Columbia Physical Therapy, Inc. v. Benton Franklin Orthopedic Assocs., P.L.L.C.*, 168 Wn.2d 421, 442, 228 P.3d 1260 (2010); *Svendsen v. Stock*, 143 Wn.2d 546, 553, 23 P.3d 455 (2001). Whether a specific act or practice has been committed is a question of fact. *Leingang v. Pierce County Med. Bureau*, 131 Wn.2d 133, 149–50, 930 P.2d 288 (1997).

An act or practice is "deceptive" if it is "likely to mislead a reasonable or ordinary consumer." *Behnke v. Ahrens*, 172 Wn. App. 281, 293, 294 P.3d 729, 736 (2012) (citing *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 50, 204 P.3d 885 (2009)). This is an objective standard. *Id*. The act or practice does not have to be intentionally deceptive; rather, it need only have a tendency or capacity to deceive. *Sing v. John L. Scott, Inc.*, 134 Wn.2d 24, 30, 948 P.2d 816 (1997); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778,

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 12

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

785, 719 P.2d 531 (1986). A representation made by a business to a consumer is deceptive if it is likely to mislead a reasonable consumer. *Panag*, 166 Wn.2d, at 50.

Washington courts have not developed a strict definition of "unfair" and interpret it very broadly. "The universe of "unfair" business practices is broader than, and encompasses, the universe of "deceptive" business practices." *Panag*, 166 Wn.2d at 51.

Defendant first claims that Plaintiffs have failed to plead sufficient facts to show it engaged in unfair or deceptive acts. However, whether or not an act is unfair or deceptive is a question of law. Plaintiffs allege that Defendant misled Plaintiffs about the amounts owed and the consequences, including legal action, that Defendant would take to collect on time-barred payments. Compl. ¶¶ 3.10-3.19. Thus, Plaintiffs have pled a plausible claim that Defendant engaged in acts or practices which, within the context of the Complaint, are unfair or deceptive.

Defendant next asserts that Plaintiff's claims are based on a "highly technical legal argument regarding the statute of limitations, which cannot give rise to a deceptive act." Defendant provides no support for this assertion. Analyzing issues of statutes of limitations are routine matters for courts and application of Washington's statute of limitations to installment notes is well established. As discussed above, Washington courts have made it perfectly clear that the statute of limitations runs against each installment of an installment loan. This is a very simple rule and, within the context of the Complaint, gives rise to a plausible claim that Defendant has engaged in unfair or deceptive acts or practices by overstating the amounts due. Defendant attempts to obfuscate the matter by claiming that it was "reasonable" and "legal" for it to pursue all past-due installments. However, this defense is misleading because, while it may or may not be true, it has no bearing on whether Defendant pursued the past-due installments in a manner that was unfair or deceptive.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 13

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

Defendant argues that Plaintiffs' claims do not meet the public interest element. The public interest element of a WCPA claim can be met in any of several ways. RCW 19.86.093. The act or practice is injuries to the public interest if it 1) violates a statute that incorporates the WCPA, 2) violates a statute that contains a specific legislative declaration of public interest impact, 3) has injured other persons, 4) had the capacity to injure other persons, or 5) presently has the capacity to injure other persons. *Id*. In this case, Plaintiffs have alleged that Defendant's conduct has affected and will affect other persons. Discovery is necessary to explore the extent to which Defendant's unfair or deceptive acts or practices have injured other persons, had the capacity to injure other persons, or have the capacity to injure other persons. Nonetheless, Defendant is a licensed collection agency—which regularly attempts to collect third party debts—as well as a mortgage servicer for Washington homeowners. Compl. ¶¶ 1.2-1.5. Their conduct necessarily affects other persons. Therefore, Plaintiffs have alleged a plausible claim under the WCPA that meets the public interest element.

Finally, as with the WCAA claims, Defendant incorrectly argues that Plaintiffs did not plead facts to demonstrate injury and causation. The WCPA's injury requirement can be met by demonstrating that property interest or money has been diminished, "even if the expenses incurred by the statutory violation are minimal," including investigation expenses. *Trujillo v. Northwest Tr. Servs*, 183 Wn.2d 820, 837, 355 P.3d 1100, 1108 (2015). In this case, as with WCAA claims, Plaintiffs alleged that Defendant's unfair or deceptive acts or practices have cost Plaintiffs actual damages, including costs to investigate the validity of Defendant's claim. Compl. ¶¶ 3.24. Defendant attempts to shift the burden onto Plaintiffs by blaming them for obtaining a loan in the first place and for events outside of their control. Such arguments are not

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 14

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

relevant for determining whether SLS attempted to collect time-barred installments in an unfair or deceptive manner.

**E.  Plaintiffs Stated Plausible Claims that SLS's Misleading and Deceptive Attempts to Collect Time-Barred Installment Payments Not Legally Owed Constitutes Negligence**

Finally, SLS argues that Plaintiffs' negligence claim fails because Plaintiffs have not alleged a duty of care owed by SLS independent of its contractual duties. However, Plaintiffs indeed alleged a plausible claim that SLS owes a duty of care related to servicing their mortgage and attempting to collect a debt. Compl. ¶8.1.

"The 'existence of a duty may be predicated upon statutory provisions or on common law principles.'" *Hartley v. Bank of Am., N.A.*, No. C16-1640RSL, at *7 (W.D. Wash. Mar. 7, 2017). In *Hartley*, the court found that a plausible negligence claim "based on duties established by statute [WCPA] that are separate and distinct from any contractual obligations defendants may have had." Courts also have found that a duty of care can plausibly arise, independent of contractual duties, from communication of false information by a mortgage servicer to a borrower. *See e.g. Collins v. Seterus, Inc.*, No. C17-0943-JCC (W.D. Wash. Mar. 19, 2019); *see also Susilo v. Wells Fargo Bank, N.A.,* 796 F. Supp. 2d 177, 1188 (C.D. Cal. 2011) (finding a plausible negligence claim where the beneficiary failed to disclose the accurate amount owed). Here, Plaintiffs alleged that SLS, as a default servicer, attempted to collect installment payments not legally owed in violation of the FDCPA, WCAA, and WCPA. SLS provided false, misleading, and deceptive statements about the total amount owed to avoid late fees, interest, and ultimately, foreclosure. These statutes impose a duty on SLS, a debt collector of defaulted mortgages, to refrain from making false and misleading representations to borrowers and to

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT WITH
PREJUDICE - 15

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

refrain from engaging in unfair and deceptive acts, similar to *Hartley*. As such, Plaintiffs have alleged plausible claims that SLS's illegal collection attempts constitute negligence.

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the Defendant's Motion to Dismiss with Prejudice.[1]

DATED this 15th day of June, 2020.

Respectfully submitted,

*Attorneys for Plaintiffs*

NORTHWEST CONSUMER LAW CENTER

/s/ Amanda N. Martin
Amanda N. Martin, WSBA #49581
936 N. 34th St. Ste. 300
Seattle, WA 98103
Ph: 206-805-1716
Em: Amanda@NWCLC.org

LAW OFFICE OF JOSHUA L. TURNHAM

/s/ Joshua L. Turnham
Joshua L. Turnham, WSBA #49926
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.395.9267
Em: joshua@turnhamlaw.com

---

[1] In the alternative, should the Court grant the Motion to Dismiss in whole or in part, Plaintiffs request leave to amend to rectify any insufficiencies in their Complaint. *See Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009) ("Dismissal [on a Rule 12(b)(6) motion] is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.").

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 16



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

# CERTIFICATE OF SERVICE

I, Joshua L. Turnham, declare under penalty of perjury as follows:

1. I am over the age of eighteen years, a citizen of the United States, not a party herein, and am competent to testify to the facts set forth in this Declaration; and

2. That on June 15, 2020, I caused the foregoing document attached to this Certificate of Service plus any supporting documents, declarations and exhibits to be served upon the following individuals via CM/ECF:

I certify under penalty of perjury under the laws of the State of Washington that the foregoing statement is both true and correct.

DATED this 15th day of June, 2020 in Seattle, Washington.

/s/ Joshua L. Turnham
Joshua L. Turnham

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE - 17

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989