Honorable Michelle L. Peterson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN NELSON and MARGO NELSON, individually and on behalf of their marital community,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a foreign limited liability company,<br><br>Defendant. | Case No. 3:20-cv-05461-MPL<br><br>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE |

Defendant Specialized Loan Servicing, LLC ("SLS") hereby files its Reply in Support of its Motion to Dismiss Plaintiffs' Complaint with Prejudice.

**I.  INTRODUCTION**

Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiffs' Complaint with Prejudice ("Response") fails to save their claims. Plaintiffs fail to cite binding authority in Washington or any other jurisdiction to support their argument that SLS would not be entitled to collect the entire amounts due and owing on its loan. In addition, Plaintiffs fail to otherwise show that SLS's alleged

///

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE; CASE NO. 3:20-CV-05461- PAGE 1
#75100722_v1

HOLLAND & KNIGHT LLP
601 SW Second Avenue
Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

actions could amount to a violation. Each of Plaintiffs' claims fails on its face and should be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiffs Fail to State a Plausible Claim that SLS is Not Entitled to the Entire Amounts Due and Owing.

Plaintiffs incorrectly assert that the date of maturation or acceleration is irrelevant to the calculation of the statute of limitations on a contract. On the contrary, even the cases they cite, *Wilmington Trust, National Association v. Heifa Voght, et al.* No. 17-2-27809-2 (King Cnty. Super. Ct. Jan. 30, 2019) and *Smith v. Bank of New York Mellon,* No. C19-0538-JCC (W.D. Wash. Jan. 9, 2020) involve fact patterns where the court's findings with regard to whether or not the statute of limitations is barred are based on when the loan was accelerated.

For example, the court in *Smith* granted quiet title to the borrowers in a case where the Western District of Washington dismissed a lender's foreclosure complaint because it was time-barred. *See Bank of New York Mellon as Tr. for Certificate Holders of CWABS, Inc. v. Smith,* Case No. C18-0764-TSZ, Dkt. 16 (W.D. Wash. 2018). The *Smith* court reasoned that because the Smith loan had been accelerated on May 27, 2009, a subsequent foreclosure action filed April 11, 2018 was outside the applicable statute of limitations under RCW 4.16.040 because it was more than six years later. The *Smith* case thus shows only that if a lender accelerates a loan that would otherwise be payable in installments, the six-year clock begins running on the full amount of the debt on the date of acceleration.

Next, *Voght* is a nonbinding trial court order involving a loan that was accelerated by filing a foreclosure action, where the borrower attempted to assert a statute of limitation defense because certain installment payments were more than six years old at the time of foreclosure. The trial court ordered summary judgment in favor of the lender, but held that further evidence would be required

///

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE; CASE NO. 3:20-CV-05461- PAGE 2**
#75100722_v1

HOLLAND & KNIGHT LLP
601 SW Second Avenue
Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

to determine the amount of the judgment.[1] However, the *Voght* order does not squarely hold that all of the installment payments could not be collected in a foreclosure—indeed, there is no binding authority from any Washington appellate court that does. And, the overwhelming weight of authority is to the contrary, demonstrating that SLS, after acceleration, is able to collect the total amount due and owing regardless of whether any missed payments occurred outside of the six year window. *See Jordan by Prappas v. Bergsma,* 63 Wash. App. 832, 827-28 (1992) (stating that the running of the statute of limitations bars a remedy but does not extinguish the debt); *In re Eastman*, 588 B.R. 600, 603 (Bankr. D. Colo. 2018) (creditor may accelerate installment note and demand payment of full unpaid balance notwithstanding expiration of the statute of limitations on individual installments); *Gonzalez v. Fed. Nat'l Mortgage Ass'n*, 3D17-1246, 2018 WL 3636467, at *3 (Fla. Dist. Ct. App. Aug. 1, 2018) (creditor "*not* barred from seeking a final judgment that includes amounts due outside the five-year statute of limitations") (emphasis in original); *Green v. Specialized Loan Servicing LLC*, 17-15681, 2019 WL 1111405, at *4 (11th Cir. Mar. 11, 2019) (statute of limitations does not reduce amount mortgagee can recover); *In re Hall*, 265 B.R. 435, 440 (Bankr. W.D. Mo. 2001) (permitting foreclosure on entire amount due under note though some missed installment payments were outside the statute of limitations); *Hollings v. Hollings,* 8 N.J. Super. 552, 554 (Ch. Div. 1950), aff'd, 12 N.J. Super. 57 (App. Div. 1951) (it is inequitable to allow a creditor to quiet title a property, even if the statute of limitations expired on a lender's ability to foreclose, without the creditor first paying the lien in full); *see also* 31 RICHARD A. LORD, WILLISTON ON CONTRACTS § 79:17, at 338 (4th ed. 2004) ("A separate cause of action arises on each installment, and the statute of limitations runs separately against each, except where the creditor has a right to accelerate payments on default and does so."); 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS § 20.10, at 61 (2d ed. Supp. 2018) ("Where there has been no explicit acceleration of the note, the statute of limitations does not run on the entire amount due and

---

[1] The parties in *Voght* appear to have then stipulated to a judgment of foreclosure.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE; CASE NO. 3:20-CV-05461- PAGE 3**
#75100722_v1

HOLLAND & KNIGHT LLP
601 SW Second Avenue
Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

non-judicial foreclosure can be begun within six years of any particular installment default and the amount due can be the then principal amount owing.").

Here, SLS has not accelerated the loan and begun foreclosure proceedings to enforce its mortgage lien against Plaintiffs' real property. But if and when it does do so, SLS will be entitled to collect the full amount due under the terms of the loan under the rationale of the numerous authorities cited above. It necessarily follows that Plaintiffs have not stated and cannot state any claim based on alleged correspondence from SLS stating the full amount due and owing under the loan. The Complaint should accordingly be dismissed with prejudice.

### B. **Plaintiffs Fail to State a Plausible Claim that SLS Violated Any Law.**

Plaintiffs contend that SLS violated the Fair Debt Collection Practices Act ("FDCPA"); Washington's Consumer Protection Act ("CPA"); Washington's Collection Agency Act ("CAA"); and was negligent. As described above, there are no allegations in this case that could show that SLS's letters attempted to collect an amount that is unlawful. Each of Plaintiffs' claims fails for that reason. Because a law barring SLS's ability to send correspondence on the total amounts due and owing on its loan does not exist, regardless of the first date of default, Plaintiffs claims must fail and be dismissed with prejudice. Each claim is discussed in turn below.

### C. **Plaintiffs Fail to State a Claim under the FDCPA.**

Plaintiffs fail to set forth a claim under the FDCPA. Once again, Plaintiffs' cited authorities are not germane. Plaintiff first cites *Stimpson v. Midland Credit Mgmt.,* 944 F.3d 1190 (9th Cir. 2019) which involves letters sent to debtors seeking payments for credit card debts that had expired under Nevada law. That law provided that an action on credit card debt must be brought within six years after the last payment is made on the credit card. *Id.*. By contrast, this action involves a mortgage lien, not credit card debt. More to the point, the statute of limitations has not expired on Plaintiffs' loan in this case. And, even if it had, the *Stimpson* court still found no FDCPA violation, because a debt collector is entitled to collect a lawful, outstanding debt even if the statute of limitations has run.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE; CASE NO. 3:20-CV-05461- PAGE 4**
#75100722_v1

HOLLAND & KNIGHT LLP
601 SW Second Avenue
Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

*Id.* Further, as explained above, *Smith,* No. C19-0538-JCC, involved a debt that had been expressly held by the Ninth Circuit to be time-barred. After that holding, the bank nonetheless filed an action to collect on the debt. Therefore, the Court would not dismiss a claim for violation of the FDCPA in *Smith*. Here, again, there is no prior court order or any Washington law establishing that SLS's debt is time-barred. Even if there were, SLS did not assert any cause of action to collect on a time-barred debt. None of the correspondence sent to Plaintiffs was in an attempt to collect a debt.

First, as explained in SLS's Motion to Dismiss, the mortgage statements are not an attempt to collect a debt because they are required to be sent by the Truth in Lending Act. Plaintiffs attempt to differentiate the facts in *Green v. Specialized Loan Servicing LLC,* 766 Fed. Appx. 777 (11th Cir. 2019) but fail to do so. In fact, *Green* holds that even if the statute of limitations has run on a particular installment payment, a lender may include the entire amounts due and owing in its mortgage statements without violating the FDCPA because a lien for the entire amounts due remains on the property throughout the term of the mortgage. *Id.* Therefore, including those amounts is considered "useful" and the mortgage statements sent by SLS cannot be considered a violation of the FDCPA because they were not in an attempt to collect a debt. They do not rise above the "garden variety" type of statement required by the Truth in Lending Act.  *Id.* citing *Green v. Specialized Loan Servicing,* 280 F.Supp.3d 1349 (M.D. Fla. Nov. 30, 2017). Further, Plaintiffs' discussion of *Green* is misleading because it recites the Eleventh Circuit's ruling without explanation. *Green* actually supports SLS's position because it found that Florida's five year statute of limitations did not bar recovery of payments due *more than five years* before acceleration, holding that the *entire outstanding amount* became due at acceleration. *Id.* (emphasis added).

Second, SLS' Default Notice and Intent to Foreclose was not in an attempt to collect a debt. Plaintiffs attempt to parcel out requirements facilitating a non-judicial foreclosure under the Washington Deed of Trust Act to support their position that the Default Notice and Intent to Foreclose was in an attempt to collect a debt. The case law does not specify that a notice must be sent under the

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE; CASE NO. 3:20-CV-05461- PAGE 5**
#75100722_v1

HOLLAND & KNIGHT LLP
601 SW Second Avenue
Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

Washington Deed of Trust Act in order to be a "prerequisite to foreclosure" or to "facilitate the foreclosure." Here, the terms of Plaintiffs' Deed of Trust specifically require that SLS send the Default Notice and Intent to Foreclose. *See* Exhibit B to SLS's Motion to Dismiss, ¶ 17. Therefore, it is clear that it is considered a prerequisite to foreclosure and therefore, sending the Default Notice and Intent to Foreclose does not violate the FDCPA.

Finally, the reinstatement quote is not an attempt to collect a debt for the reasons set forth in SLS's Motion to Dismiss. None of the correspondence sent to the Plaintiffs was in an attempt to collect a debt. Even if it was, it was not attempting to collect on time-barred payments. As such, all correspondence was accurate. Therefore, Plaintiffs cannot state a plausible claim under the FDCPA and their Complaint must be dismissed with prejudice.

**D. Plaintiffs Fail to State A Claim under the FDCPA so Plaintiffs Cannot State a Claim Under the Washington Consumer Protection Act.**

Plaintiffs' CPA claim is premised entirely on the alleged FDCPA violation. Because they have failed to allege an FDCPA claim, their CPA claim necessarily also fails.

**E. Plaintiffs Fail to State a Claim under Washington's Collection Agency Act.**

Plaintiffs Response attempts to refute SLS's argument that the only threat under RCW 19.16.250(16) is foreclosure, however, they fail list a single other potential threat. Plaintiffs also fail to establish that the threat of foreclosure would not exist but for SLS's conduct. Instead, Plaintiffs double down on their statute of limitations argument, arguing erroneously that SLS is attempting to collect on time-barred payments. Plaintiffs' position thus only supports SLS's position that Plaintiffs were not injured by the threat of foreclosure by anyone other than themselves by failing to make payments under the terms of their loan. Further, as set forth above, SLS is not attempting to collect time-barred payments, and Plaintiffs' arguments under RCW 19.16.250(21) fail as a matter of law. Plaintiffs' claim under the Washington Collection Agency Act should be dismissed with prejudice.

///

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE; CASE NO. 3:20-CV-05461- PAGE 6**
#75100722_v1

HOLLAND & KNIGHT LLP
601 SW Second Avenue
Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

### F. Plaintiffs Fail to State a Claim under the Washington Consumer Protection Act.

Next, Plaintiffs attempt to argue that Washington case law holds that the statute of limitations runs against each installment on a loan payable in installments. That may be true, but it is beside the point. Plaintiffs fail to cite to a single case in any jurisdiction that has found that sending correspondence that references allegedly time-barred installments violates any law, including the CPA. The elements required to state a plausible claim under the CPA cannot be met and this claim must be dismissed with prejudice.

### G. Plaintiffs Fail to State a Claim for Negligence.

Finally, Plaintiffs Response fails to explain or set forth any duty owed by SLS to Plaintiffs outside of its contractual relationship with them. The alleged duty supporting a negligence claim must be "separate and distinct from any contractual obligations." *Hartley v. Bank of America, N.A.,* No. C16-1640RSL, 2017 WL 897805, at *4 (W.D. Wash. Mar. 7, 2017). Therefore, Plaintiffs mere recitation in its Response that SLS owed a duty under the FDCPA, WCAA, and WCPA is not enough to establish a separate duty or cause of action for negligence. Further, as explained above, SLS did not provide false, misleading, or deceptive statements to Plaintiffs at any time. As such, even if SLS owed Plaintiffs a duty, it did not breach that duty. Finally, Plaintiffs were not damaged by any alleged breach. In particular, Plaintiffs' allegation that they suffered noneconomic damages including emotional distress fail because such damages cannot be recovered under a claim for negligence. *See Collins v. Seterus, Inc.*, No. C17-0943-JCC, 2019 WL 1254878, at *5 (W.D. Wash. Mar. 19, 2019). Therefore, Plaintiffs' negligence claim must be dismissed with prejudice.

///
///
///
///
///

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE; CASE NO. 3:20-CV-05461- PAGE 7**

#75100722_v1

HOLLAND & KNIGHT LLP
601 SW Second Avenue
Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

### III. CONCLUSION

For all of the foregoing reasons, SLS respectfully requests that this Court grant its Motion to Dismiss with prejudice.

Dated: June 18, 2020

                                        Respectfully submitted,

                                        HOLLAND & KNIGHT LLP

                                        By: *s/ Garrett S. Garfield*

                                            Garrett S. Garfield, WSBA No. 48375
                                            E-mail: serve.gsg@hklaw.com
                                            601 SW Second Avenue, Suite 1800
                                            Portland, OR  97204
                                            Telephone:  503.243.2300
                                            Fax:  503.241.8014

                                        *Attorneys for Defendant*
                                        *Specialized Loan Servicing, LLC*

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE; CASE NO. 3:20-CV-05461- PAGE 8**
#75100722_v1

HOLLAND & KNIGHT LLP
601 SW Second Avenue
Suite 1800
Portland, OR  97204
Telephone:  503.243.2300