Honorable Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN NELSON and MARGO NELSON, individually and on behalf of their marital community,<br><br>PLAINTIFFS,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a foreign limited liability company,<br><br>DEFENDANT. | No. 3:20-cv-05461-RBL<br><br>**PLAINTIFFS' MOTION FOR RECONSIDERATION OF AUGUST 27, 2020 ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [DKT #16]**<br><br>**NOTED ON MOTION CALENDAR: September 10, 2020**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.   INTRODUCTION & RELIEF REQUESTED

Pursuant to LCR 7(h), Plaintiffs respectfully move for reconsideration of the Court's August 27, 2020 Order on Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. #16). Specifically, Plaintiffs request that the Court reconsider its decision when well-established Washington law holds that a nonjudicial foreclosure action is an action subject to RCW 4.16.040 and that recoupment of time-barred installment payments through nonjudicial foreclosure is not supported under Washington law.

//

PLAINTIFFS' MOTION FOR RECONSIDERATION ON AUGUST 27, 2020 ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [DKT #16] 3:20-cv-05461-RBL - 1

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

## II.   ARGUMENT FOR RECONSIDERATION

### A.   Standard for Reconsideration

While motions for reconsideration are generally disfavored, "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence" warrants reconsideration. LCR 7(h). Here, the Court raised new issues not briefed by the parties as to whether SLS is entitled to recoup time-barred payments through a nonjudicial foreclosure. As such, Plaintiffs file this motion for reconsideration to request that Court reconsider its holding that Plaintiffs' claims fail as a matter of law when well-established Washington case law holds that nonjudicial foreclosure actions are subject to the limitations of RCW 4.16 and recoupment of time-barred installments through nonjudicial foreclosure is not supported by Washington law.

### B.   The Court Erred by Dismissing Plaintiffs' Claims When Defendant Cannot Recoup Time-Barred Installment Payments in a Nonjudicial Foreclosure

As the Court correctly concludes in its Order, some of the delinquent payments SLS sought to collect from the Nelsons, through a threatened foreclosure action and other debt collection communications, were beyond the statute of limitations. However, Plaintiffs dispute Defendant's right to foreclose specifically on the time-barred installment payments and dispute the deceptive nature of seeking payment of such time-barred amounts in its debt collection communications.

Here, the Court erred when it distinguishes between the applicability of the statute of limitations to a judicial foreclosure and a nonjudicial foreclosure, as well-established Washington law holds that a nonjudicial foreclosure is indeed an action to enforce a deed of trust subject RCW 4.16.050. "**An action** upon a contract in writing…shall be commenced within six years." RCW 4.16.040 (emphasis added). Washington courts routinely treat a

PLAINTIFFS' MOTION FOR RECONSIDERATION
ON AUGUST 27, 2020 ORDER ON DEFENDANT'S
MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM
[DKT #16] 3:20-cv-05461-RBL - 2



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

nonjudicial foreclosure as an "action" when analyzing statutes of limitation. For example, a nonjudicial foreclosure is an action which can toll the statute of limitations. *See e.g. Edmundson v. Bank of Am., N.A.,* 194 Wn. App. 920, 930, 378 P.3d 272 (Wash. Ct. App. 2016), *Cedar W. Owners Ass'n, Nonprofit Corp. v. Nationstar Mortg., LLC,* 434 P.3d 554, 562 (Wash. Ct. App. 2019). Washington courts similarly recognize that multiple incomplete, non-judicial foreclosure proceedings may be pieced together to toll the limitations period. *See Erickson v. Am.'s Wholesale Lender,* No. 77742-4-I, 2018 WL 1792382, at *4 (Wash. Ct. App. Apr. 16, 2018) (combining four notices of trustee's sales to toll the statutory period for a total of over six years); *Spesock v. U.S. Bank*, No. C18-0092JLR, at *10 (W.D. Wash. Sep. 26, 2018). There is no basis for a proceeding to enforce a time-barred installment payment. *Herzog v. Herzog,* 23 Wn.2d 382 (Wash. 1945).

Washington Courts are unpersuaded by arguments that a nonjudicial foreclosure is not "an action." *Merceri v. Bank of N.Y. Mellon*, 4 Wn. App. 2d 755, 760 n.1 (Wash. Ct. App. 2018). ("Merceri argues briefly that the nonjudicial foreclosure attempt was not an "action" and that only a judicial foreclosure can toll the statute of limitations under RCW 4.16.170. This argument is unavailing. *See, e.g., Edmundson*, 194 Wash. App. 920, 378 P.3d 272.").

Washington State has abandoned the common law rule separating the mortgage from the obligation it secured through RCW 7.28.300. *Walcker v. Benson & McLaughlin, P.S.*, 79 Wash. App. 739, 746 (1995). The Washington legislature clearly intended to apply the limitations created by RCW 4.16 to the nonjudicial foreclosure process as codified in RCW 61.24.020 ("Except as provided in this chapter, a deed of trust is subject to all laws relating to mortgage on real property."). *Id.* at 743-44. Indeed, "The Deeds of Trust (Act), chapter 61.24 RCW, governs **actions to enforce a promissory note**…" *Cedar West Owners*, at 560. As such, a nonjudicial

PLAINTIFFS' MOTION FOR RECONSIDERATION ON AUGUST 27, 2020 ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
[DKT #16] 3:20-cv-05461-RBL - 3

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

foreclosure is an action subject to the limitations of RCW 4.16.040 the same as a judicial foreclosure.

Furthermore, SLS is not entitled to seek recoupment of time-barred installment payments in a nonjudicial foreclosure. "Where there has been no explicit acceleration of the note, the statute of limitations does not run on the entire amount due and non-judicial foreclosure can be begun within six years of any particular installment default and **the amount due can be the then principal amount owing**." 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS § 20.10, at 61 (2d ed. Supp. 2018) (emphasis added).

In *Cedar West Owners*, the borrower missed his payment due June 1, 2010 and all subsequent payments. *Cedar West Owners*, at 557. On October 18, 2016, the lender, through the foreclosure trustee, recorded a Notice of Trustee Sale for a nonjudicial foreclosure. *Id.* at 558. The successor in interest to the borrower later filed suit to quiet title. *Id.* The court concluded that the statute of limitations began to accrue on the first missed monthly installment. *Id*. The court ultimately ruled that Nationstar Mortgage was entitled to foreclose, but only "on the installment payments due on and after November 1, 2010" which became due within six years prior to Nationstar's Notice of Trustee's Sale. *Id*. at 562.

A mortgagor cannot recoup installments from over six years ago via foreclosure, even when a more recent missed payment supports nonjudicial foreclosure. *See, e.g. George v. Butler,* 26 Wash. 456 (1901). In *George v. Butler*, a lender initiated foreclosure on a mortgage securing two notes. *Id.* at 457-58. One of the notes had matured more than six years before initiation of the foreclosure, and thus, was beyond the statue of limitations. *Id.* The court applied the same statute of limitations to the foreclosure as it did to the note. *Id.* at 468. The court

PLAINTIFFS' MOTION FOR RECONSIDERATION ON AUGUST 27, 2020 ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
[DKT #16] 3:20-cv-05461-RBL - 4

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

reasoned that in Washington, a mortgage is a "mere incident to the note, and its only purpose being to secure the same." *Id.* While the running of the statute of limitations does not extinguish the debt, it certainly "bars the remedy." *Jordan v. Bergsma*, 63 Wn. App. 825 (Wash. Ct. App. 1992) And in this case, nonjudicial foreclosure is the remedy sought by SLS.

Allowing recoupment of time-barred installment payments through foreclosure directly circumvents the policy of statutes of limitations to promote certainty of titles and eliminate the fears and burdens of litigation. *Walcker*, at 745-46 (rejecting "an unlimited right to foreclose deeds of trust."). Moreover, to allow recoupment through nonjudicial foreclosure would subject a single promissory note to two different limitations periods based on whether the lender elected to initiate a judicial or nonjudicial foreclosure. Such a distinction is in contradiction to established Washington law and the policy promoting statutes of limitations.

Additionally, *Jarvis* is not instructive here. While *in rem* interests remain after a bankruptcy discharge of a borrower's personal liability, the remedies provided by the lender's surviving *in rem* interests are still limited by the statute of limitations. *See, e.g. Taylor v. PNC Bank*, 19-1142-JCC, at *5 (W.D. Wash. Jul. 31, 2020) (barring the lender's *in rem* remedies after the statute of limitations expired).

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court reconsider its Order on Defendant's Motion to Dismiss Case for Failure to State a Claim (Dkt #16) and deny Defendant's Motion to Dismiss.

DATED this 10th day of September, 2020.

Respectfully submitted,

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR RECONSIDERATION
ON AUGUST 27, 2020 ORDER ON DEFENDANT'S
MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM
[DKT #16] 3:20-cv-05461-RBL - 5

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

|   |   |
|---|---|
| | NORTHWEST CONSUMER LAW CENTER |
| | /s/ Amanda N. Martin |
| | Amanda N. Martin, WSBA #49581 |
| | 936 N. 34th St. Ste. 300 |
| | Seattle, WA 98103 |
| | Ph: 206-805-1716 |
| | Em: Amanda@NWCLC.org |
| | |
| | LAW OFFICE OF JOSHUA L. TURNHAM |
| | /s/ Joshua L. Turnham |
| | Joshua L. Turnham, WSBA #49926 |
| | 506 Second Avenue, Suite 1400 |
| | Seattle, WA 98104 |
| | Ph: 206.395.9267 |
| | Em: joshua@turnhamlaw.com |

**CERTIFICATE OF SERVICE**

I, Joshua L. Turnham, declare under penalty of perjury as follows:

1. I am over the age of eighteen years, a citizen of the United States, not a party herein, and am competent to testify to the facts set forth in this Declaration; and

2. That on September 14, 2020, I caused the foregoing document attached to this Certificate of Service plus any supporting documents, declarations and exhibits to be served upon the following individuals via electronic mail:

I certify under penalty of perjury under the laws of the State of Washington that the foregoing statement is both true and correct.

DATED this 10th day of September, 2020 in Seattle, Washington.

/s/ Joshua L. Turnham
Joshua L. Turnham

PLAINTIFFS' MOTION FOR RECONSIDERATION ON AUGUST 27, 2020 ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
[DKT #16] 3:20-cv-05461-RBL - 6

The Northwest Consumer Law Center
936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989