Honorable Benjamin H. Settle

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN NELSON and MARGO NELSON, individually and on behalf of their marital community,<br><br>　　　　　　　　　　PLAINTIFFS,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a foreign limited liability company,<br><br>　　　　　　　　　　DEFENDANT. | **No. 3:20-cv-05461-BHS**<br><br>**PLAINTIFFS' MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT AND MOTION TO STAY PENDING CERTIFIED QUESTIONS**<br><br>**NOTED ON MOTION CALENDAR:<br>October 2, 2020** |

## I.　　INTRODUCTION & RELIEF REQUESTED

Plaintiffs respectfully move the Court to: (1) certify the below questions to the Washington Supreme Court regarding whether a lender can collect or threaten to collect time-barred installment payments through a nonjudicial foreclosure action; and (2) stay the instant proceeding until the certified questions are resolved. This issue is pending before the Court on Plaintiffs' Amended Motion for Reconsideration, which is being filed concurrently with this motion. As this a complex issue of state law undecided by Washington courts, Plaintiffs request

PLAINTIFFS' MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON SUPREME COURT AND
MOTION TO STAY PENDING CERTIFIED
QUESTIONS
3:20-cv-05461-BHS - 1

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

that the Court seek a definite answer to these questions from the Washington Supreme Court and stay this action pending clarification from the Washington Supreme Court.

## II. ARGUMENT

### A. Standard for Certification to Washington State Supreme Court

When a federal court determines there is no controlling Washington Supreme Court precedent on issues of state law, the court must apply the law as it believes the Washington Supreme Court would under the circumstances. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). "If there be no decision by [the state's highest] court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967). As this Court stated in *W.H. v. Olympia Sch. Dist.*, No. C16-5273 BHS (W.D. Wash. Sep. 6, 2019), "…another option is available to the Court. Rather than guessing what the Washington Supreme Court would decide, the Court may certify the question to the Washington Supreme Court for review."

Washington's Federal Court Local Law Certificate Procedure Act provides:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

Wash. Rev. Code §2.60.020. The Washington Supreme Court's implementing rule provides that certified questions may be considered where the state law issue "has not been clearly determined and does not involve a question determined by reference to the United States Constitution." Wash. R. App. P. 16.16. Federal authority recognizes the advantages to the federal bench of certifying novel or unsettled questions of state law to the state's highest court. *See Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S. Ct. 1741 (U.S. 1974) (certifying questions

PLAINTIFFS' MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT AND MOTION TO STAY PENDING CERTIFIED QUESTIONS
3:20-cv-05461-BHS - 2

The Northwest Consumer Law Center
936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

saves "time, energy, and resources and helps build a cooperative judicial federalism");
*Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995) (certification procedure is "a means to obtain authoritative answers to unclear questions of state law") (quoting *Toner v. Lederle Labs.*, 779 F.2d 1429, 1432 (9th Cir. 1986)). The Western District of Washington has in fact, certified questions to the Washington State Supreme Court on "issues of first impression" on numerous occasions. *See e.g. Morella v. Safeco Ins. Co. of Ill.*, No. C12-0672RSL (W.D. Wash. Apr. 12, 2013); *Danny v. Laidlaw Transit Services, Inc.*, No. C05-1047L (W.D. Wash. Jan. 20, 2006) (where, as here, "Certification is particularly appropriate here because this case was originally filed by plaintiff in state court and removed by defendant."); *W.H. v. Olympia Sch. Dist.*, No. C16-5273 BHS (W.D. Wash. Sep. 6, 2019). Notably, this District has found similar questions involving interpretation of Washington's Deed of Trust Act to warrant certification to Washington's Supreme Court. *See Frias v. Asset Foreclosures Servs., Inc.,* 2:13-cv-00760-MJP, Dkt. 48 (W.D. Wash. Sept. 25, 2013); *Bain v. Metropolitan Mortgage Group Inc. et al.*, 2:09-cv-00149-JCC, Dkt. #159 (W.D. Wash. Jun. 27, 2011).

**B.    Washington Law Is Unclear Whether Time-Barred Installment Payments May Be Collected In a Nonjudicial Foreclosure Action**

While Washington courts recently clarified state law interpreting the statute of limitations in the context of an installment note[1], the issue of whether a lender can collect time-barred installment payments through nonjudicial foreclosure action is one of first impression. As Plaintiffs' argue in their Amended Motion for Reconsideration, Washington courts suggest that time-barred installments may not be collected through a nonjudicial foreclosure action.

---

[1] When an installment promissory note is involved, the statute of limitations runs against each and every installment from the time each one becomes due. *See, e.g. Edmundson v. Bank of Am., N.A.,* 194 Wn. App. 920, 378 P.3d 272 (Wash. Ct. App. 2016)*; Merceri v. Bank of N.Y. Mellon*, 4 Wn. App. 2d 755, 760 n.1 (Wash. Ct. App. 2018).

PLAINTIFFS' MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON SUPREME COURT AND
MOTION TO STAY PENDING CERTIFIED
QUESTIONS
3:20-cv-05461-BHS - 3

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

For example, in *George v. Butler*, a lender initiated foreclosure on a mortgage securing two notes. *George v. Butler,* 26 Wash. 456, 457-58 (1901). One of the notes had matured more than six years before initiation of the foreclosure, and thus, was beyond the statute of limitations. *Id.* The court applied the same statute of limitations to the foreclosure as it did to the note. *Id.* at 468. The court reasoned that in Washington, a mortgage is a "mere incident to the note, and its only purpose being to secure the same." *Id*. While this principal of barring collection of time-barred debt through foreclosure actions can be applied to the facts of the instant case, Plaintiffs believe a more definite statement from the Washington Supreme Court is warranted.

Other cases that touch on the issue at hand include *Cedar W. Owners Ass'n, Nonprofit Corp. v. Nationstar Mortg., LLC*. 434 P.3d 554, 557 (Wash. Ct. App. 2019). In *Cedar West Owners*, the borrower missed his payment due June 1, 2010 and all subsequent payments. *Id.* at 557. On October 18, 2016, the lender, through the foreclosure trustee, recorded a Notice of Trustee Sale for a nonjudicial foreclosure. *Id.* at 558. The successor in interest to the borrower later filed suit to quiet title. *Id.* The court concluded that the statute of limitations began to accrue on the first missed monthly installment. *Id*. The court ultimately ruled that Nationstar Mortgage was entitled to foreclose, but only "on the installment payments due on and after November 1, 2010" which became due six years prior to Nationstar's Notice of Trustee's Sale. *Id*. at 562. The conclusions of *Cedar West Owners* support Plaintiffs' position that time-barred installment payments may not be collected through a nonjudicial foreclosure, but the lack of a clear statement of the reasoning for this specific conclusion in *Cedar West Owners* promotes resolution of the question by the Washington Supreme Court.

Moreover, as Plaintiffs argue in their Amended Motion for Reconsideration, allowing recoupment of time-barred installment payments through nonjudicial foreclosure is in direct

PLAINTIFFS' MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON SUPREME COURT AND
MOTION TO STAY PENDING CERTIFIED
QUESTIONS
3:20-cv-05461-BHS - 4



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

contradiction to Washington's policy of barring collection actions of time-barred debts. Statute of limitations exist to promote certainty of titles and eliminate the fears and burdens of litigation. *Walcker v. Benson & McLaughlin, P.S.*, 79 Wash. App. 739, 745-46 (1995) (rejecting "an unlimited right to foreclose deeds of trust."). Moreover, to allow recoupment through nonjudicial foreclosure would subject a single promissory note to two different limitations periods based on whether the lender elected to initiate a judicial or nonjudicial foreclosure. Such a distinction is in contradiction to established Washington law and the policy promoting statutes of limitations.

When Washington law supports Plaintiffs' position, there is no definite statement on this issue that has been given by Washington courts, and as such, certification of these complex issues of state law is warranted.

**C.    This Action Should Be Stayed Until The Washington Supreme Court Resolves The Certified Questions**

Plaintiffs respectfully request that this Court stay this proceeding until the Washington Supreme Court provides guidance on the certified questions. "The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). A stay is warranted where "the subject matter of the proceedings is highly complex and it is the avoidance of a duplication of that very complexity that serves in part to justify the stay." *Chronicle Pub. Co. v. National Broadcasting Co.*, 294 F.2d 744, 749 (9th Cir. 1961).

Here, a stay is warranted if the Court certifies the proposed questions to the Washington Supreme Court. The certified questions will ultimately determine the pending Motion for Reconsideration, and as such, staying the instant proceeding will avoid duplication of resolving these complex questions of state law. Defendant is a licensed debt collector that frequently seeks to collect on installment notes through nonjudicial foreclosure, and as such, would not be

PLAINTIFFS' MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON SUPREME COURT AND
MOTION TO STAY PENDING CERTIFIED
QUESTIONS
3:20-cv-05461-BHS - 5

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

prejudiced by clarification from the Washington Supreme Court on this important issue of state law.

### III. PROPOSED CERTIFIED QUESTIONS

Plaintiffs propose that the Washington Supreme Court have the opportunity to resolve the following questions:

1. Under Washington law, is a lender entitled to collect time-barred installment payments in a nonjudicial foreclosure action?

2. Whether threatening to collect time-barred installment payments in a nonjudicial foreclosure action is an unfair or deceptive act in violation of Washington's Consumer Protection Act, RCW 19.86?

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court certify the proposed questions to the Washington Supreme Court and stay this action pending resolution of the certified questions from the Washington Supreme Court.

DATED this 11th day of September, 2020.

Respectfully submitted,

*Attorneys for Plaintiffs*

NORTHWEST CONSUMER LAW CENTER

/s/ Amanda N. Martin
Amanda N. Martin, WSBA #49581
936 N. 34th St. Ste. 300
Seattle, WA 98103
Ph: 206-805-1716
Em: Amanda@NWCLC.org

LAW OFFICE OF JOSHUA L. TURNHAM



PLAINTIFFS' MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON SUPREME COURT AND
MOTION TO STAY PENDING CERTIFIED
QUESTIONS
3:20-cv-05461-BHS - 6

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

/s/ Joshua L. Turnham
Joshua L. Turnham, WSBA #49926
506 Second Avenue, Suite 1400
Seattle, WA 98104
Ph: 206.395.9267
Em: joshua@turnhamlaw.com

# CERTIFICATE OF SERVICE

I, Amanda N. Martin, declare under penalty of perjury as follows:

1. I am over the age of eighteen years, a citizen of the United States, not a party herein, and am competent to testify to the facts set forth in this Declaration; and

2. That on September 11, 2020, I caused the foregoing document attached to this Certificate of Service plus any supporting documents, declarations and exhibits to be served upon the following individuals via electronic mail:

I certify under penalty of perjury under the laws of the State of Washington that the foregoing statement is both true and correct.

DATED this 11th day of September, 2020 in Seattle, Washington.

/s/ Amanda N. Martin
Amanda N. Martin

PLAINTIFFS' MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT AND MOTION TO STAY PENDING CERTIFIED QUESTIONS
3:20-cv-05461-BHS - 7

The Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989