1
2
3
4
5
6
7

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

8

9  JONATHAN NELSON and MARGO
10 NELSON, individually and on behalf of their
   marital community,
11
              Plaintiffs,
12
       v.
13
   SPECIALIZED LOAN SERVICING, LLC, a
14 foreign limited liability company,
15
              Defendant.
16
17

Case No. 3:20-cv-05461-BHS

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT AND MOTION TO STAY PENDING CERTIFIED QUESTIONS**

**NOTE ON MOTION CALENDAR: October 2, 2020**

18      Defendant Specialized Loan Servicing, LLC ("SLS" or "Defendant") submits its Response in

19 Opposition to Plaintiffs' Motion to Certify Questions to the Washington Supreme Court and Motion

20 to Stay Pending Certified Questions (the "Motion").

21                    **MEMORANDUM OF POINTS AND AUTHORITIES**

22 **I.      INTRODUCTION**

23      Plaintiffs' Motion is unfounded, untimely, and should be denied. Plaintiffs purported in this

24 action to bring claims against SLS for violation of the Washington Consumer Protection Act, Fair

25 Debt Collection Practices Act, Washington's Collection Agency Act, and for negligence. Each of

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT AND MOTION TO STAY PENDING CERTIFIED QUESTION; Case No. 3:20-cv-05461-BHS -** Page 1

HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

#78401895_v1

these claims lacked any basis in Washington law, and was correctly dismissed by this Court with prejudice on SLS's motion to dismiss.

Plaintiffs' previous (and erroneous) position in this lawsuit was that Washington law clearly supported their claims. Now that they have been shown to be in error, Plaintiffs are belatedly changing their tune, and instead requesting that purported issues of Washington law be certified to the Washington Supreme Court. Plaintiffs' Motion is without merit and should be denied.

## II.  LEGAL STANDARD

Federal courts in Washington *may* elect to certify questions of local law to the Washington Supreme Court. RCW 2.60.020; *see also Lehman Bros. v. Schein,* 416 U.S. 386, 390–91 (1974) ("Resort to certification is not mandatory where state law is unclear on a particular issue."). However, not every question of local law should be certified—the "mere difficulty in ascertaining local law is no excuse for remitting the parties to a state tribunal or for the start of another lawsuit." *Id.* The Ninth Circuit has noted:

> Federal courts are not precluded from affording relief simply because neither the state Supreme Court nor the state legislature has enunciated a clear rule governing a particular type of controversy. Were we able to invoke only clearly established state law, litigants seeking to protect their rights in federal courts by availing themselves of our diversity jurisdiction would face an inhospitable forum for claims not identical to those resolved in prior cases.

*Paul v. Watchtower Bible & Tract Soc'y*, 819 F.2d 875, 879 (9th Cir. 1987). Further, the existence of "doubt as to local law" does not make certification "obligatory." *Lehman Bros.,* 416 U.S. at 391. Certification rather "rests in the sound discretion of the federal court." *Fidelitah, Inc. v. Insitu, Inc.*, No. 13-CV-3128-TOR, 2016 WL 4265749, at *4 (E.D. Wash. Aug. 11, 2016) *citing Lehman Bros.*, 416 U.S. at 391.

///

///

///

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT AND MOTION TO STAY PENDING CERTIFIED QUESTION; Case No. 3:20-cv-05461-BHS - Page 2**

HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

#78401895_v1

## III.   ARGUMENT

### A.   Plaintiffs' Motion to Certify Questions to the Washington Supreme Court is Untimely and Improper.

Plaintiffs' attempt to certify questions to the Washington Supreme Court after this Court has already dismissed Plaintiffs' complaint with prejudice is improper. The "Washington Supreme Court does not operate as a court of appeals for decisions of [district courts]." *Kerrigan v. Qualstar Credit Union*, No. C16-1528-JCC, 2016 WL 7103750, at *3 (W.D. Wash. Dec. 6, 2016), aff'd, 728 F. App'x 787 (9th Cir. 2018) *citing Hann v. Metro. Cas. Ins. Co.*, 2012 WL 3098711, at *3 (W.D. Wash. July 30, 2012). "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision." *Id. citing Thompson v. Paul*, 547 F.3d 1055, 1064 (9th Cir. 2008).

Here, Plaintiffs' filed their Motion only after this Court had already issued its ruling dismissing their claims. But the Motion fails to present any reason to disregard the presumption that a motion to certify is inappropriate at this stage, or even to address the issue. Instead, Plaintiffs' Motion merely rehashes the same arguments regarding the effect of Washington's six-year statute of limitation, which this Court has already heard and decided. Nor does the Motion point to any authority to suggest that this Court's ruling is incorrect, or that it relied on a point of law that requires the input of the Washington Supreme Court. Even if it is true that there is no Washington case directly on point, the mere absence of a specific authority does not mean state law is unsettled or unclear. *See Wendel v. Travelers Cas. & Sur. Co. of Am.*, No. CV-10-0028-LRS, 2011 WL 13228236, at *2 (E.D. Wash. Mar. 21, 2011) (finding that the record suggests not that local law is undetermined, but rather that Washington courts have had little occasion to parse an opinion based on the admitted facts of the case at issue).

For all the reasons already briefed to this Court previously, existing Washington law does in fact support SLS's position. Even if a request to certify had been made at the appropriate time, this Court would have been well within its authority to deny such a request, and to grant SLS's motion to

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT AND MOTION TO STAY PENDING CERTIFIED QUESTION; Case No. 3:20-cv-05461-BHS - Page 3**

HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

#78401895_v1

dismiss. More to the point, there is no basis whatsoever at this point to grant an untimely and baseless request for certification, where this Court was already able to render an opinion based on current Washington law.

**B.      The Facts of this Case Do Not Raise the Questions Proposed to be Certified.**

Next, even if Plaintiffs' Motion were otherwise proper, this case would not be the appropriate vehicle for certification of the issues of local law that Plaintiffs put forward. The Motion attempts to certify two questions: (1) whether a lender can collect time-barred installment payments through nonjudicial foreclosure; and (2) whether threatening to collect time-barred installments in a nonjudicial foreclosure action amounts to an unfair and deceptive act in violation of Washington's Consumer Protection Act.

Neither question would be appropriate for certification on the record of this case. First, this case was not a nonjudicial foreclosure action. While the legal effects of a nonjudicial foreclosure were conceptually relevant in this case, it would be a stretch at best to certify a foreclosure question in a case that did not even involve a foreclosure.

Second, Plaintiffs' theory in this case was that by "threatening" that all amounts due and owing on their loan would be recouped to the lender in a nonjudicial foreclosure, SLS committed an unfair or deceptive act in violation of the Consumer Protection Act. *See generally Magney v. Lincoln Mut. Sav. Bank,* 34 Wn. App. 45, 57 (1983) (describing unfair and deceptive acts for purposes of the Consumer Protection Act). But Plaintiffs' present request to certify this only causes their position to collapse under the weight of their own logic. If it really were the case that Washington law did not yet exist on the relevant points, or that the law were unclear, it could not be an unfair or deceptive act for a lender to seek to recover in foreclosure all amounts due and owing on a loan. And any "threat" of such a nonjudicial foreclosure would be legally distinct from the kind of misstatement, misrepresentation, or deceptive act that may otherwise give rise to a claim under the CPA. Thus, this

///

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT AND MOTION TO STAY PENDING CERTIFIED QUESTION; Case No. 3:20-cv-05461-BHS - Page 4**

HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

#78401895_v1

question is inappropriate for certification to the Washington Supreme Court based on the facts of this case and existing Washington law.

### C. This Action Should Not be Stayed.

This Court already issued an opinion rejecting Plaintiffs' positions and dismissing the complaint with prejudice. Plaintiffs now point to their pending Motion for Reconsideration, but that motion fails to (1) present newly discovered evidence, (2) demonstrate that the court committed a clear error or that the decision was manifestly unjust, or (3) demonstrate a intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.* 5 F.3d 1255, 1262 (9th Cir. 1993). More to the point, a motion for reconsideration "shall not stay discovery or any other procedure." LCR 7(h)(2). For all the reasons above, both the request for certification and the request for a stay should be denied.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiffs' Motion to Certify Questions to the Supreme Court and Motion to Stay Pending Certified Questions.

DATED: September 16, 2020.

HOLLAND & KNIGHT LLP

By: *s/ Garrett S. Garfield*
    Garrett S. Garfield, WSBA No. 48375
    E-mail: serve.gsg@hklaw.com
    601 SW Second Avenue, Suite 1800
    Portland, OR 97204
    Telephone: 503.243.2300
    Fax: 503.241.8014

*Attorneys for Defendant Specialized Loan Servicing, LLC*

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT AND MOTION TO STAY PENDING CERTIFIED QUESTION; Case No. 3:20-cv-05461-BHS - Page 5**

HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

#78401895_v1