Honorable Benjamin H. Settle

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JONATHAN NELSON and MARGO
NELSON, individually and on behalf of their
marital community,

PLAINTIFFS,

v.

SPECIALIZED LOAN SERVICING, LLC, a
foreign limited liability company,

DEFENDANT.

No. 3:20-cv-05461-BHS

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO CERTIFY QUESTIONS TO
THE WASHINGTON SUPREME COURT
AND MOTION TO STAY PENDING
CERTIFIED QUESTIONS**

**NOTED ON MOTION CALENDAR:
October 2, 2020**

## I.     INTRODUCTION & RELIEF REQUESTED

Plaintiffs respectfully submit the following reply in support of their Motion to Certify

Questions to the Washington Supreme Court and Motion to Stay Pending the Certified

Questions. Defendant, in its Response, argues that Plaintiffs' Motion to Certify is untimely, but

cites no rule dictating the timeliness of a motion to certify. Defendant further claims that neither

question proposed by Plaintiffs would be appropriate, but fails to adequately explain such a

position. Thus, Plaintiffs request the Court grant their motion to certify and stay the action

pending the Washington Supreme Court's ruling on the certified questions.



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

## II.     ARGUMENT

### A.     Plaintiffs' Motion is Timely and Proper.

Defendant argues that the Nelsons' Motion to Certify is untimely, but the relevant statutes and rules do not impose any filing deadline. *See* Wash. Rev. Code §2.60.020; Wash. R. App. P. 16.16. Indeed, the only requirement is that "a proceeding is pending." Wash. Rev. Code §2.60.020. In this matter, a proceeding is, in fact, pending: Plaintiffs' Motion for Reconsideration is before the Court and has not been decided. Thus, the Motion to Certify is timely.

While motions to certify questions after an initial decision are not encouraged, the decision to certify a question to a State Supreme Court rests within the broad discretion of the District Court. *See Thompson v. Paul*, 547 F.3d 1055, 1064 (9th Cir. 2008) (citing to *Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974)). As to the timeliness of Plaintiffs' motion, an court may even order certification sua sponte during appeal. *See e.g. JJ v. ATT Wireless*, 481 F.3d 1138 (9th Cir. 2007) (ordering certification to the Washington Supreme Court on appeal). Defendant attempts to argue that the Nelson's Motion to Certify is "improper" because the Court has already ruled on Defendant's Motion to Dismiss, but the case law makes clear that this Court still maintains the same broad discretion to certify a question when necessary.

### B.     The Nelsons' Proposed Certified Questions Raise Unresolved Issues of Washington Law

Defendant attempts to argue against certification by pointing out that the Motion to Certify does not cite to authority that shows the Court's ruling on Defendant's Motion to Dismiss is incorrect. This argument completely misses the point: Plaintiffs' proposed questions should be

The Northwest
Consumer Law Center

certified to the Washington State Supreme Court specifically because the questions raise unique questions of law that neither contradict nor support the Court's ruling.

Defendant further argues that the proposed certified questions would not be appropriate in this case because this case is not a nonjudicial foreclosure action and that if Washington case law is unclear, its actions cannot be unfair or deceptive. Neither position has any support. First, Defendant initiated the nonjudicial foreclosure process through sending the Nelsons a Notice of Pre-Foreclosure Options, the first notice required under Washington's Deed of Trust Act to start a nonjudicial foreclosure. More specifically, the Nelsons alleged that Defendant is time-barred from collecting on, through nonjudicial foreclosure or otherwise, installments that are past-due more than six years. Thus, the question of whether a debt collector is permitted to collect on otherwise time-barred installment payments in a nonjudicial foreclosure action is clearly relevant to the questions of law at issue in this case. Second, Defendant does not and cannot cite to any case law to support its position that actions cannot be unfair or deceptive unless a court has already deemed them so because such a position is contrary to the statute, Washington case law, and common sense. The Washington Consumer Protection Act ("WCPA") declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. RCW 19.86.020. Notably, the WCPA does not define "unfair or deceptive acts or practices" as those which courts have already deemed to be unfair or deceptive. Washington case law also makes clear that whether or not an act or practice does not depend on whether or not a court has already held so, but on specific f7.actors. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531 (Wash. 1986). For example, to demonstrate that an act is deceptive, a plaintiff must show "that the alleged act had the capacity to deceive a substantial portion of the public." *Id* at 785. Furthermore, as argued in

PLAINTIFFS' MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON SUPREME COURT AND
MOTION TO STAY PENDING CERTIFIED
QUESTIONS
3:20-cv-05461-BHS - 3

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

the Nelson's Motion to Certify, Washington case law lays out a policy of barring collection of time-barred debts. Thus, the proposed certified questions are appropriate given the already existing case law on collections of time-barred debts. The Court should therefore grant the Nelsons' Motion to Certify.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court certify the proposed questions to the Washington Supreme Court and stay this action pending resolution of the certified questions from the Washington Supreme Court.

DATED this 2nd day of October, 2020.

Respectfully submitted,

***Attorneys for Plaintiffs***

NORTHWEST CONSUMER LAW CENTER

/s/ Amanda N. Martin
Amanda N. Martin, WSBA #49581
936 N. 34th St. Ste. 300
Seattle, WA 98103
Ph: 206-805-1716
Em: Amanda@NWCLC.org

LAW OFFICE OF JOSHUA L. TURNHAM

/s/ Joshua L. Turnham
Joshua L. Turnham, WSBA #49926
506 Second Avenue, Suite 1400
Seattle, WA 98104
Ph: 206.395.9267
Em: joshua@turnhamlaw.com

PLAINTIFFS' MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON SUPREME COURT AND
MOTION TO STAY PENDING CERTIFIED
QUESTIONS
3:20-cv-05461-BHS - 4

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989

**CERTIFICATE OF SERVICE**

I, Amanda N. Martin, declare under penalty of perjury as follows:

1.      I am over the age of eighteen years, a citizen of the United States, not a party herein, and am competent to testify to the facts set forth in this Declaration; and

2.      That on October 2, 2020, I caused the foregoing document attached to this Certificate of Service plus any supporting documents, declarations and exhibits to be served upon the following individuals via electronic mail:

Garrett S Garfield      serve.gsg@hklaw.com

Joshua L Turnham     joshua@turnhamlaw.com

I certify under penalty of perjury under the laws of the State of Washington that the foregoing statement is both true and correct.

DATED this 2nd day of October, 2020 in Seattle, Washington.


/s/ Amanda N. Martin_____
Amanda N. Martin

PLAINTIFFS' MOTION TO CERTIFY QUESTIONS
TO THE WASHINGTON SUPREME COURT AND
MOTION TO STAY PENDING CERTIFIED
QUESTIONS
3:20-cv-05461-BHS - 5

The Northwest
Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-0989