UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN NELSON, et al.,

Plaintiffs,

v.

SPECIALIZED LOAN SERVICING LLC,

Defendant.

CASE NO. C20-5461BHS

ORDER

THIS MATTER is before the Court on Plaintiff Nelson's Motion for Reconsideration [Dkt. #s 18 and 20 (amended)] of the Court's Order [Dkt. # 16] granting Defendant Specialized Loan Servicing's Motion to Dismiss for failure to state a claim [Dkt. # 10], and on Nelson's Motion to Certify Questions to the Washington Supreme Court [Dkt. # 21].

Nelson stopped making payments on his 2006 "second" mortgage in July 2011. Nelson's debt was evidenced by a promissory note and secured by a deed of trust on his home. In April 2019, the current loan servicer, SLS, sent Nelson a Default Notice and Notice of Intent to Foreclose. That Notice stated that Nelson had missed 92 payments totaling $54,058.28, and informed him that "as of 04/16/19, the unpaid principal balance is $76,228.02." [Dkt. # 10 at Ex. C., pp. 40-41].


Nelson sued, claiming that because the six-year limitations period had run on the earlier of his missed payments, the Notice was both wrong and unlawful; he was *not* required to pay those amounts to cure his default and avoid foreclosure. In other words, he claims, he could cure his default by making only those payments for which he did not have a limitations period defense. He asserted claims under the federal Fair Debt Collections Procedures Act (FDCPA) and the Washington Consumer Protection Act (CPA). He claimed the Notice was a deceptive and unfair business practice, and that he was damaged as the result.

SLS sought dismissal under Fed. R. Civ. P. 12(b)(6). [Dkt. # 10]. This Court granted the motion, ruling that the Notice informing Nelson that he had to cure his default in order to avoid foreclosure was not unlawful or deceptive as a matter of law. [Dkt. # 16].

Nelson now asks the Court to Reconsider that ruling under LCR 7, arguing that "recoupment of time-barred installment payments through nonjudicial foreclosure is not supported under Washington law." [Dkt. # 18 at p. 1]. He also asks the Court to Certify two questions to the Washington Supreme Court, arguing somewhat inconsistently that this "complex issue" of state law is "undecided by Washington courts." [Dkt. # 21 at p.1].

## A. Motion for Reconsideration.

Nelson's Motion for Reconsideration reiterates his claim that because the limitations period had run on the earlier of his missed payments, his lender could not recover them in an action on the Note. Thus, he claims, it was deceptive to seek a "cure" payment that included those amounts under threat of nonjudicial foreclosure.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through

reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, are intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co*., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Notice upon which Nelson's claims are based was required under the Washington Deed of Trust Act, as a pre-condition to a subsequent nonjudicial foreclosure:

It shall be requisite to a trustee's sale:

***

> (8) That at least thirty days before notice of sale shall be recorded, transmitted or served, written notice of default . . . shall be transmitted [to the borrower.] The notice shall contain the following information:
>
> ***
>
> (c) A statement that the beneficiary has declared the borrower or grantor to be in *default*, and a concise statement of the default alleged;
>
> (d) An *itemized account of the amount or amounts in arrears* if the default alleged is failure to make payments;
>
> (e) An itemized account of all other specific charges, costs, or fees that the borrower, grantor, or any guarantor is or may be obliged to pay to reinstate the deed of trust before the recording of the notice of sale;
>
> (f) A statement showing the total of (d) and (e) of this subsection, designated clearly and conspicuously as the *amount necessary to reinstate the note and deed of trust* before the recording of the notice of sale[.]

RCW 61.24.030(8) (emphasis added).

It is true that Nelson could have successfully asserted the limitations period as an affirmative defense to a judicial action to recover the missed payments on his Promissory Note. However, no such action was threatened or commenced. Instead, consistent with the notices required by Washington's Deed of Trust Act, SLS informed Nelson of its statutory right to non-judicially foreclose on its security if Nelson did not cure his default. The Notice accurately claimed that Nelson had missed 92 payments.

It also informed Nelson of his options and of various rights, including "the right to bring court action to assert the nonexistence of default or *any other defense you have* to acceleration and sale." [Dkt. # 10 at p. 40 (emphasis added)]. This notice too was required under the Deed of Trust Act, RCW 61.24.030(8)(j) (requiring "a statement that the borrower . . . has recourse to the courts to contest the alleged default on any proper ground."). There is no support, however, for

the proposition that the lender must identify and incorporate any such possible defenses in the Notice itself.

Nelson claims it was unfair and deceptive for his creditor to accurately articulate the amount he had not paid, without accounting for any missed payments as to which he may have successfully asserted an affirmative defense. But a claimant generally has no obligation to anticipate his opponent's affirmative defenses. "[A] plaintiff "is not required to plead on the subject of an anticipated affirmative defense." *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993); *see also Pennsylvania State Police v. Suders*, 542 U.S. 129, 152 (2004) (plaintiff has no "legal requirement" to plead around affirmative defenses).

The authority upon which Nelson relies does not support his claim that SLS's failure to anticipate his defense and its success (and to and re-calculate the amount required to cure after taking that period into account) is a violation of the CPA or the FDCPA. The only opinion he cites that even addresses the amount that can be recovered in a somewhat analogous situation is *Cedar West Owners Assoc. v. Nationstar Mortgage, LLC*., 7 Wash.App.2d 473, 490, 434 P.3d 554, 563 (2019). There, the Washington Court of Appeals unremarkably rejected the claim that a nonjudicial foreclosure was time-barred by the passage of six years since the *first* missed installment payment. *Cedar West* 434 P.3d at 560 ("[T]he statue of limitations accrues for each monthly installment from the time it becomes due.") (citing *Edmundson v Bank of Am. N.A.*, 378 P.2d 272 (2016)). It held that the lender must act diligently to pursue and perfect its nonjudicial foreclosure remedies. It stated that, under the circumstances of that case, the creditor was "entitled to foreclose on installment payments due on and after [a date 6 years prior to the notice of trustee's sale]". *Id*. at 563. It did not hold or suggest that the lender's prior Notice of Default was defective or deceptive; *Cedar West* did not involve a CPA claim. Nelson has not cited any

authority for the proposition that a Notice must anticipate and incorporate the debtor's defenses to avoid a "deceptive" act. It is instead clear that while a properly asserted limitations period defense may ultimately preclude the lender from suing on the note, the underlying debt remains. See *Jordan by Prappas v. Bergsma*, 63 Wash. App. 825, 828 (1992) ("The running of the statute of limitations bars the remedy but does not extinguish the debt.").

The Court will not reconsider its prior ruling that Nelson's CPA claim based on the Default Notice was not plausible. Nelson's Motion for Reconsideration [Dkt. #s 18 and 20] is DENIED.

**B.      Motion to Certify.**

Nelson's Motion to Certify takes a different tack: he claims that the issue is complex and unsettled, and that the Washington Supreme Court should determine whether it is deceptive to threaten to collect time-barred installment payments in a non-judicial foreclosure. Nelson claims that because there are no cases definitively rejecting his claim, the question is novel, and it should be addressed by the Washington State supreme Court in the first instance.

As SLS points out, resort to certification is not mandatory where state law is unclear on a particular issue. [SLS's Response, Dkt. # 22 at 2 (citing RCW 2.60.020 and *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974)]. Instead, the matter is addressed to the Court' discretion. *Id*.

Nelson's Motion to Certify is an implicit concession that there is no authority for the proposition that failing to anticipate an affirmative defense is deceptive. But that does not mean that the issue should necessarily be addressed in state court. This is particularly true where, as here, the Motion to Certify comes after an adverse decision on the merits of the claim. There is a presumption against certifying a question to a state supreme court after the federal District Court

has issued a decision. See *Hann v Metro. Cas. Ins. Co.*, 2012 WL 3098711 at *3 (W.D. Wash. July 30, 2012), citing *Thompson v. Paul*, 547 F.3d 1055, 1064 (9th Cir. 2008). Nelson's Motion to Certify is untimely. One should not be permitted to litigate a claim and lose, and only then seek Certification of the issue to state court as a way around the result.

Furthermore, and in any event, SLS accurately points out the certified question Nelson proposes does not reflect the situation in this case; there is no nonjudicial foreclosure at issue here. Instead, the issue is whether its Default Notice and Notice of Intent to Foreclose was deceptive because it described the payments Nelson had missed and informed him of what it would take to cure his default, without anticipating the successful assertion of a limitations period defense.

Nelson's claim that it was a CPA violation to accurately notify him of the payments he had missed, without anticipating his affirmative defense to a subset of those payments, is not supported under Washington law. The Deed of Trust Act describes in detail what the Notices must say, and it does not require the creditor to anticipate and incorporate defenses that the debtor may have in its Notice. Nelson's claim to the contrary is novel, but the Court need not certify the question to the Washington Supreme Court to resolve it. Nelson's Motion for Certification [Dkt. # 21] is DENIED, and the case is closed.

IT IS SO ORDERED.

Dated this 28th day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge